## H. C. RING v. THE STATE.

1. VERDICT—ROBBERY. A verdict as follows : " We, the jury, find the de-
" fendant, H. C. Ring, guilty of agreeing to the commission of the
" offense, and is liable as a principal offender, and assess the punishment
" at seven years in the State penitentiary," found by the jury on a trial
for robbery, will not support a judgment.

2. PRINCIPAL OFFENDER. It is error to instruct the jury that the presence
of the accused at the time of the robbery, his failure to give the alarm,
his silence, his inaction, and the supposed concealment of the offense by
him, were sufficient to authorize a conviction ; the Code requires ad-
vice given, or an agreement entered into to commit the offense, coupled
with an actual presence at the commission of the offense.

APPEAL from the Criminal District Court of Harris county.
Tried below before Hon. Gustave Cook.

*Crank & Webb*, for appellant.

*Frank M. Spencer* and *N. G. Kittrell*, for State.

DIVINE, J. The appellant, with Horace Bell and Wm. E.
Jones, were jointly indicted, in the District Court of Harris
county, at the August term, 1874, charged with robbery from
the person of James Highlander. Under the Act of March 16,
1874, Bell obtained a severance, and the District Attorney hav-
ing dismissed as to Jones, the defendant, Ring, was put upon
his trial, which resulted in his conviction, his punishment being
assessed by the jury at seven years in the penitentiary. The
motion of defendant for a new trial being overruled, the
defendant appealed, and presents eight assignments of error as
grounds for a reversal of the judgment.

We will only notice a portion of the fourth and fifth assign-
ments of error, as they embrace all that is necessary for the
decision of the case.

The fourth assignment states : " Because the said verdict of
" the jury does not find defendant guilty of any offense what-
" ever, and is, in effect, no verdict to support a judgment of the

" court ; " and the fifth assignment of error is : " Because of the
" errors of the court in its charge to the jury, as set out in said
" divisions three and four in the motion for a new trial, whereby
" the jury were misled and misdirected in said charge."

The defendant was indicted as a principal in the robbery,
under Article 743 of the Criminal Code, and, under the charge
of the court, was found guilty under Article 218 of the Crimi-
nal Code.  This article reads : " Any person who advises or
" agrees to the commission of an offense, and who is present
" when the same is committed, is a principal thereto, whether
" he aids or not in the illegal act."

The verdict was : " We, the jury, find the defendant, H. C.
" Ring, guilty of agreeing to the commission of the offense,
" and (he) is liable as a principal offender, and assess the pun-
" ishment," etc.

The jury draw the conclusion that the accused is guilty as a
principal offender by reason of the fact previously found, of
his agreeing to the offense.  His agreeing to the commission
of the offense is not sufficient to support the judgment, and it
is on this fact found that the opinion of his guilt rested in the
minds of the jury.  Article 218 makes it necessary that there
should be an antecedent advice given, or an agreement to the
commission of the offense, with a being present at the time the
illegal act is committed, to sustain the charge laid in the indict-
ment.  The verdict, not being responsive to the indictment,
should have been set aside, and a new trial granted.  As this
case will be remanded, it is proper to remark that the fifth assign-
ment of error, relative to the charge to the jury, is well taken.

The portion specially complained of by appellant is as fol-
lows : " If you believe, from the evidence, that the robbery
" was committed as charged in the indictment, and that the
" defendant, Ring, was present at the time, and saw the com-
" mission of the offense, and that he made no sort of resist-
" ance nor remonstrance, but sat quietly by, or lay quietly by,
" and saw the offense perpretrated by two men upon one, and
" that he made no effort to prevent it, or to raise an alarm, and

" was not himself in fear of his life, or of bodily harm from the
" robbers, so as to deter him from making any demonstration
" to prevent the commission of the offense, and that he subse-
" quently made no effort to expose the circumstances, but con-
" cealed the same, then he, the defendant, is guilty of agreeing
" to the commission of the offense, and is liable as a principal
" offender."

This portion of the charge informed the jury that the pres-
ence of the accused at the time of the robbery, his failure to
give the alarm, his silence, his inaction, and the supposed con-
cealment of the offense by him, were sufficient to authorize a
conviction.    This is not the law.    Article 218 of the Code
requires an advice given or an agreement entered into to com-
mit the offense, coupled with an actual presence at the place
and time of the doing of the illegal act, to sustain a verdict of
guilty in a case of this character.    The charge was calculated
to mislead the jury, it omitted to state the law applicable to
the case.

The defective verdict, and the errors in the charge, required
the granting defendant a new trial.

The judgment is therefore reversed, and the cause is re-
manded.

Reversed and remanded.