### L. Chapman and another v. The State.

1. THEFT—AIDERS AND ABETTORS.—On a trial for the theft of a cow the court below instructed the jury, in effect, that if the defendants were present and in any way participated in killing the cow, then it devolved on them to prove circumstances tending to excuse or justify their participation, unless such circumstances appeared from the evidence adduced by the state. *Held*, that the instruction was erroneous in two respects: 1st, because it pretermits the guilty knowledge necessary to inculpate the defendants as aiders and abettors; and, 2d, because it ignores the presumption of innocence and doctrine of reasonable doubt, and misdirected the jury as to the burden of proof.

2. SAME—BURDEN OF PROOF.—In cases of theft the burden of proof is at al times upon the state to satisfy the jury to a moral certainty, beyond a reasonable doubt, of the guilt of the accused.

APPEAL from the Criminal Court of the city of Clarksville. Tried below before the Hon. JAMES Q. CHENOWITH.

This appeal is by Levi Chapman and John W. Young, who were indicted jointly with Gabe Butler and Randall Butler for the theft of a cow, the property of one John W. Stiles.

*Gaines & George*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. The judgment in this case must be reversed for error committed by the court in the following portion or paragraph of the charge given to the jury, to wit: "If you believe, from the evidence, that facts and circumstances have been proved by the state sufficient to satisfy your minds beyond a reasonable doubt that the offense was committed as charged in the bill of indictment, and that the defendants on trial were present and in any manner participated in the killing and skinning the said cow, then it devolves upon the defendants to show such facts or circum-

stances which tend to excuse or justify the act, or which show their guilty intention, unless the facts or circumstances which go to excuse, justify, or extenuate the act grew out of the evidence adduced by the state."

This charge is defective and erroneous in two respects. 1st. It makes the guilt of the defendants depend upon the simple fact that they were present and in any manner participated in the killing or skinning of the cow, when the law only imputes guilt upon condition that they participated knowing the unlawful intent of the party who was aided, assisted, or encouraged by them. Pasc. Dig., Art. 1810. 2d. The jury are told that the burden of proof is cast upon defendants to show excuse and justification if the facts show that the defendants were present and in any manner participated in the killing or skinning of the cow. This is not the law. Every defendant in a criminal cause is presumed to be innocent, under our law, until his guilt is established, by legal evidence, beyond a reasonable doubt. Pasc. Dig., Art. 3105. The burden of proof is upon the state, in cases of theft, at all times; and until it adduces proof sufficient to satisfy the minds of the jury to a moral certainty, beyond a reasonable doubt, that the accused is guilty, it is their duty to acquit. *Ring* v. *The State*, 42 Texas, 282.

The charge, as quoted, is furthermore unintelligible in so far as it uses the words, "or which show their guilty intention."

Because the charge was not the law, and was calculated to mislead the jury, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*