[Criminal No. 295. Filed March 25, 1911.]

[115 Pac. 70.]

ELIAS S. KIMBALL and RICHARD A. SHIPP, Defendants
and Appellants, v. TERRITORY OF ARIZONA, Re-
spondent.

1. CRIMINAL LAW—VERDICT OF "GUILTY"—SUFFICIENCY.—A verdict of
guilty implies a finding upon every element essential to constitute
the offense as charged, but a verdict which convicts of but one of
several essential elements of an offense is insufficient to sustain a
conviction for the offense charged.

2. SAME—PLEA OF NOT GUILTY—EFFECT.—A plea of not guilty puts in
issue every material allegation of the indictment, and there can be
no conviction unless the jury expressly find against accused on the
issue.

3. FALSE PRETENSES—INTENT—ESSENTIALITY.—Intent to defraud is
essential to the offense under Penal Code of 1901, section 489, of ob-
taining money by false pretense.

4. SAME—VERDICT—SUFFICIENCY.—A verdict of guilty of "obtaining
property by false representations as charged in the indictment" is
insufficient to sustain a conviction under Penal Code of 1901, sec-
tion 489, for obtaining money by false pretenses, for failing to find
intent to defraud, an essential element of the offense.

5. CRIMINAL LAW—VERDICT—IMMATERIAL IRREGULARITIES.—Mere irreg-
ularity or surplusage in a verdict of conviction is immaterial, if in-
tent to convict of the crime charged is unmistakably expressed.

6. SAME—DISCHARGE OF ACCUSED—FORMER JEOPARDY.—Though a ver-
dict of guilty of "obtaining property by false representations as
charged in the indictment" is insufficient to sustain a judgment of
conviction under Penal Code of 1901, section 489, for obtaining
money by false pretense, for failing to find intent to defraud, the
judgment on being set aside is not a bar to another prosecution for
the same offense.

7. SAME—INSUFFICIENT VERDICT—FORMER JEOPARDY.—Generally, where
a verdict is so uncertain that the jury's intent cannot be ascertained,
accused cannot be deemed to have been in jeopardy so as to entitle
him to discharge.

APPEAL from a judgment of the District Court of the
Fifth Judicial District, in and for Graham County. Fletcher
M. Doan, Judge. Reversed and remanded.

The facts are stated in the opinion.

Frederick S. Nave, A. C. McKillop and W. K. Dial, for Appellants.

The defendants should be discharged by reason of the insufficiency of the verdict to support a judgment of conviction. The jury found the defendants guilty of one element of the offense charged but of no more. "It is a very familiar principle in the administration of the criminal law that all the circumstances essential to sustaining the indictment must be expressly found by the jury, and the court cannot supply a defect in the finding of the jury by intendment of implication." *Commonwealth* v. *Call*, 21 Pick. (Mass.) 513, 32 Am. Dec. 284; *People* v. *Small*, 1 Cal. App. 320, 82 Pac. 87; *People* v. *Cummings*, 117 Cal. 497, 49 Pac. 576; *United States* v. *John*, 1 Black (66 U. S.), 484, 17 L. Ed. 225; *People* v. *Tilley*, 135 Cal. 61, 67 Pac. 42; *Ring* v. *State*, 42 Tex. 282; *State* v. *French*, 50 La. Ann. 461, 23 South. 606; *State* v. *Oakley*, 103 N. C. 408, 9 S. E. 575; *People* v. *Lee*, 237 Ill. 272, 86 N. E. 573. The verdict has been accepted and recorded and the jury discharged without our consent, and without finding us guilty of any crime, and in effect finding us not guilty of any crime. We have been in jeopardy and are entitled to be discharged. *People* v. *Small*, 1 Cal. App. 320, 82 Pac. 87; *People* v. *Terrill*, 132 Cal. 497, 64 Pac. 894; *State* v. *Stephanus*, 53 Or. 135, 99 Pac. 428, 17 Am. & Eng. Ann. Cas. 1146.

John B. Wright, Attorney General, for Respondent.

The indictment shows that the defendant, before the finding of the indictment, with intent to unlawfully and feloniously cheat and defraud one Layton, then and there unlawfully, knowingly and feloniously, by the use of a trick and deception, false and fraudulent representations, statements and pretenses, and by means and by use of the confidence game, committed the unlawful acts which the indictment specifically alleges to be felony. The statute is taken from the state of Missouri, and the construction of Missouri should therefore be controlling upon this court. *State* v. *Wilson*, 223 Mo. 156, 122 S. W. 701. "The verdict, 'guilty as charged in the indictment,' was justly found, and was good in law." *People* v. *De Cleer*, 60 Cal. 61. "The form of the verdict is immaterial, if the intention to convict of the crime is unmistakably

expressed." *People* v. *Tilley,* 135 Cal. 61, 67 Pac. 42; *People* v. *McCarty,* 48 Cal. 557; *People* v. *Jochinsky,* 106 Cal. 638, 39 Pac. 1077.

KENT, C. J.—The appellants were indicted under the provisions of section 489 of the Penal Code. This section, so far as applicable, reads as follows: "Every person who, with intent to cheat and defraud, shall obtain . . . from any other person . . . any money, property, or valuable thing whatever, by means or by use of any trick or deception, or false or fraudulent representation, or statement of pretense, or by any other means or instruments, or device, commonly called the 'confidence game,' . . . shall be deemed guilty of a felony." The jury rendered a verdict as follows: "We, the jury duly impaneled and sworn in the above-entitled action, upon our oaths do find the defendants guilty of obtaining property by false representations as charged in the indictment."

The first assignment of error urged by the appellants is that the verdict is insufficient to support a judgment of conviction, in that the verdict does not find against the defendants upon the issue raised in the case upon the indictment and plea of not guilty; the claim being that the verdict finds the defendants guilty of obtaining property by false representations, and does not find that the property was obtained with intent to cheat or defraud, or that the false representations were in the nature of a confidence game, or that the defendants, or either of them, knew that the representations, or any of them, were false or fraudulent; and, further, that the verdict does not find that the property was obtained within the county in which the indictment was found, or that the representations were made within such county. The appellants further claim that by the verdict the jury found the defendants guilty of a matter not charged against them, and that the verdict was a verdict of acquittal upon the essential elements of the offense charged, to wit, the element of intent to cheat and defraud, the element of knowledge or design, the element of the knowledge of the falsity of the representations, the element of the confidence game, and the element of venue.

The rule is universal that a verdict of guilty is a finding of the jury upon every element necessary to constitute the

crime as laid in the indictment, and that a verdict which finds
a defendant guilty of but one of a number of essential ele-
ments of a crime is not a verdict sufficient to sustain a judg-
ment of conviction for the crime charged.    Under our statutes,
the plea of not guilty puts in issue every material allegation
of the indictment, and no judgment of conviction can be given
unless the jury expressly find against the defendant upon the
issue.    The verdict of the jury in the case before us found the
defendants guilty of obtaining property by false representa-
tions as charged in the indictment.    The obtaining property
by false representations alone is not a crime under any of
the provisions of our Penal Code.    Under section 481 of the
Penal Code, any person who knowingly and designedly by
false or fraudulent representations defrauds any other per-
son of money or property is guilty of a misdemeanor, but there
the mere obtaining of money by false or fraudulent repre-
sentation or pretense is not sufficient to constitute the crime
specified in that section, unless the money so obtained falsely
and fraudulently was obtained knowingly, and designedly.
Under section 489, under which the indictment in this case
was drawn as found by the trial court, the obtaining of prop-
erty by false representation is not in itself made a crime,
except that it be done with intent to cheat and defraud.    The
intent is a material and necessary element of the crime.
Therefore, if the verdict before us simply finds the defend-
ants guilty of obtaining property by false representations and
does not find that the defendants, with intent to defraud,
obtained the property by false representations, then an essen-
tially necessary element of the crime has not been found by
the jury.    Cases holding that a verdict which specifies one
element of a crime and omits other essential elements will not
support a judgment of conviction are numerous, and there are
none, so far as we are aware, holding the contrary.    Whar-
ton's Criminal Pleading and Practice, 9th ed., 756; *Common-*
*wealth* v. *Call,* 21 Pick. (Mass.) 513, 32 Am. Dec. 284; *People*
v. *Small,* 1 Cal. App. 320, 82 Pac. 87; *People* v. *Cummings,*
117 Cal. 497, 49 Pac. 576; *People* v. *Tilley,* 135 Cal. 62, 67
Pac. 42; *Ring* v. *State,* 42 Tex. 282; *State* v. *French,* 50 La.
Ann. 461, 23 South. 606; *Huffman* v. *State,* 89 Ala. 33, 8
South. 28; *State* v. *Oakley,* 103 N. C. 408, 9 S. E. 575; *State*
v. *Modlin,* 197 Mo. 376, 95 S. W. 345; *State* v. *Stephanus,* 53

Or. 135, 99 Pac. 428; *State* v. *Pollock*, 105 Mo. App. 273, 79
S. W. 980; *State* v. *De Witt*, 186 Mo. 61, 84 S. W. 956; *Harris*
v. *State*, 53 Fla. 37, 43 South. 311; *State* v. *Parker*, 152 N. C.
790, 67 S. E. 35.

Counsel for the respondent do not, as we understand their
position, controvert the general rule, but they claim that, by
reason of the insertion in the verdict of the words ''as charged
in the indictment,'' the verdict in this .case is not within the
rule.   A verdict of ''not guilty as charged in the indictment''
is, of course, equivalent to a verdict of not guilty, and is a
finding by the jury upon all of the essential allegations of
the indictment.   It is also true that in many verdicts there
occur words which can be ignored as surplusage, but they are
words which have not to do with the issues directly raised by
the plea of not guilty, as, for example, in the case of *People*
v. *Jochinsky*, 106 Cal. 640, 39 Pac. 1077.   There the verdict
was, ''We, the jury, find the defendants guilty of burglary
in the first degree, and we further find that the goods taken
from Prince's store on the night of the 13th or 14th of April,
1893, were brought from Sonoma county into the city and
county of San Francisco, state of California, by the defend-
ant.''   There the jury directly found the defendant guilty
of burglary in the first degree.   This was a finding of all the
essential elements of the crime.   The court properly held that
the general verdict of guilty implied proof of all the facts
necessary to conviction, and that the latter part of the ver-
dict was mere surplusage, resulting in no prejudice to the
appellant.   We do not see how it is possible to treat the words
in the indictment, ''of obtaining property by false representa-
tions,'' as mere surplusage, because they are words which have
to do with one of the issues directly raised by the plea of not
guilty.   It is a direct finding of the jury that upon one of
the elements of the statute the defendants were guilty, to wit,
the obtaining of the money by false representations, and it is
also a direct refusal to find upon another essential element,
to wit, the intent to cheat and defraud.   The words ''as
charged in the indictment'' qualify the phrase ''of obtaining
property by false representations.''   They serve to specify
the property obtained and the false representations made, but
with the expression in the verdict of one of the elements of
the crime and the omission of another essential element the

defendants, by the words "as charged in the indictment," are not found guilty of anything else as charged in the indictment, and the words in question cannot be held to incorporate by reference other facts upon which there is no finding. In the case of *People* v. *Lee,* 237 Ill. 272, 86 N. E. 573, the supreme court of Illinois considered the. following verdict: "We, the jury, find the defendant, Leona Garrity, guilty of harboring a female under the age of eighteen years in a house of prostitution in manner and form as charged in the indictment." The court said: "To authorize a judgment against the defendant, the verdict in a criminal case must respond to the issues submitted to the jury. Its sufficiency is determined by ascertaining whether it is responsive to and covers the offense charged in the indictment. It must contain either in itself or by reference to the indictment every material element of the crime. . . . The verdict does not find directly or by necessary implication that plaintiffs in error were the keepers of the house of prostitution, or that the female harbored therein was unmarried. These were both essential elements of the offense and constituted material facts in issue at the trial. . . . The clause in the verdict 'in manner and form as charged in the indictment' refers to the indictment for the facts which are specially found in the verdict, and cannot be held to incorporate by reference other facts upon which there is no finding. The verdict is insufficient to authorize a judgment of guilty." It is claimed by counsel for the respondent that it appears from the record that the trial judge at the conclusion of his instructions handed the jurors two verdicts, one being a verdict of not guilty and the other being the verdict in controversy herein, explaining to them that, if they found the defendants guilty as alleged in the indictment, they would return the verdict which is in controversy here, otherwise they would return the verdict of not guilty.

It is claimed that the jury having brought in the verdict in question, this fact alone unqualifiedly demonstrates the intention of the jurors. We do not think this contention, even if the record bore out the contention of counsel, aids them in their position that the verdict expresses the intention of the jury to find a general verdict of conviction. The court charged the jury at length of its own motion, and further gave a great number of instructions requested by counsel; the in-

structions covering some fifty folios. The trial judge specifically charged the jury that it was necessary that they should find that the defendants had obtained the money with the intent to cheat and defraud. At the close of the instructions, the record shows that the trial court stated to the jury: "You will be furnished with blank forms of verdict that express the findings that you are warranted by law to find in the case." We think, as contended by counsel for the appellants, that the effect of that statement, together with the instructions given by the court and the submission of a verdict in the form returned by them, coming as the court's final directions to the jury, was calculated to mislead the jury as to the nature of the findings which they were "warranted by the law to find," and to place undue emphasis upon two elements, to wit, the obtaining of the property and the falseness of the representations enumerated in the indictment, to the neglect of the elements that the property must have been obtained "with intent to cheat and defraud." The trial judge charged that intent must be proved, and then by the form of the verdict submitted to the jury prevented any juror who desired to vote for a conviction upon this essential element of the offense from expressing his conviction that such element had been proved. On the other hand, any juror who was convinced of the guilt of the defendants as to the obtaining property by false representations and was not convinced as to the intent to cheat and defraud might have been very easily induced to sign the verdict in the form rendered in the proper belief that he was thereby only giving expression to the facts that he was satisfied had been proved by the evidence.

We agree with the counsel for the appellee that, if the intention to convict of the crime is unmistakably expressed in the verdict, any mere irregularity or surplusage contained in the verdict is immaterial, but we are of the opinion that, upon the verdict before us, we cannot say that the intention of the jury to convict of the crime was unmistakably expressed. Our conclusion that the verdict does not support the judgment is strengthened by the form of the judgment itself, which reads in part as follows: "You were indicted by the grand jury of this county for obtaining property by false representation in the nature of a confidence game with intent to defraud. To this indictment you pleaded not guilty. On . . . you were

given a fair and impartial trial in this court before a jury
of your peers and said jury returned into open court their
verdict finding you guilty of obtaining property by false
representations as charged in the indictment.   Have you any-
thing to say or legal cause to show why the judgment of this
court should not now be pronounced against you?   The de-
fendant replied, 'No, sir.'   No legal cause being shown or
appearing to the court, the court doth render its judgment
that whereas you, Elias S. Kimball, having been on the
twenty-fifth day of June, A. D. 1910, after a fair and impar-
tial trial in this court, found guilty by a jury of your peers
of the crime of obtaining property by false representations in
the nature of a confidence game with intent to defraud, it is
ordered, adjudged, and decreed that you, Elias S. Kimball,
are guilty of obtaining property by false representations in
the nature of a confidence game with intent to defraud, and
that you be punished therefor,'' etc.

It is further contended by appellants that upon the state
of the record the defendants have been in jeopardy and are
entitled to be discharged.   After the rendition of the verdict
and its recording by the clerk, and after the verdict had been
read to the jury and they were asked if it was their verdict
and had replied that it was, the court discharged the jury
from further consideration of the case.   Thereafter, and be-
fore the jury had left the box, the defendants' counsel moved
for the discharge of the defendants.   This was denied by the
court on the ground that it was then too late to resubmit the
verdict for correction, the jury having been discharged from
the case.   Thereafter the defendants moved in arrest of judg-
ment, and this motion was also denied.   As the verdict was
insufficient, judgment should not have been entered thereon,
but we do not agree with counsel that the defendants have
been in jeopardy and are entitled to be discharged.   Such
seems to be the rule in California and Oregon under a sim-
ilar state of facts, but it is not the general rule.   In all the
cases heretofore cited in this opinion, except the California
and Oregon cases, the courts hold that, as such a verdict is
insufficient to support a judgment of conviction, a judgment
entered thereon must be set aside and a new trial granted.
The general, and we conceive the correct, rule is that where
the verdict is so uncertain that the court is unable to tell what

the intent of the jury was, and the matter is brought before the appellate court on appeal by the defendant, he cannot by such verdict be held to have been in jeopardy and therefore entitled to his discharge, but that the judgment is not a bar to a further prosecution. 12 Cyc. 262, note 31; *Waddle* v. *State,* 112 Tenn. 556, 82 S. W. 827.

It is also urged that the indictment does not state an offense under the statute, either under section 481 or section 489. This latter section, taken from Missouri, so far as its provisions which we have discussed are concerned, is intended to reach a class of offenders sometimes known as "confidence men," who, with intent to cheat and defraud, obtain through some false representation, trick, or deception the money of their victim whose confidence has first been secured through some false representation or deception. It provides for a class of false representations not included in section 481, which deals with the subject of ordinary false representations. *State* v. *Pickett,* 174 Mo. 663, 74 S. W. 844. We think the indictment, though somewhat inartificially drawn, sufficiently charges facts to bring it within the requirements of section 489. *State* v. *Wilson,* 223 Mo. 156, 122 S. W. 701.

The verdict in the case being insufficient to sustain the judgment of conviction, the verdict and judgment are set aside, and the case is remanded to the district court for a new trial.

CAMPBELL and DOE, JJ., concur.