[Criminal No. 816.   Filed July 8, 1935.]

[47 Pac. (2d) 423.]

WILLIAM MASEEH, Appellant, v. STATE OF ARIZONA, Respondent.

Mr. Herman Lewkowitz and Mr. J. B. Zaversack, for Appellant.

Mr. John L. Sullivan, Attorney General, and Mr. W. Francis Wilson, Assistant Attorney General, for Respondent.

LOCKWOOD, C. J.—William Maseeh, hereinafter called defendant, was convicted in the superior court of Maricopa county of the crime of obtaining personal property of a value in excess of $50 by false pretenses, and was sentenced to serve a term in the state prison.

There are four assignments of error which we will consider in their order. The first is that the information does not charge a public offense. It was evidently drawn under section 4777, Revised Code 1928, which reads as follows:

"§ 4777. Frauds by false pretenses and reports. Every person who knowingly and designedly, by any false or fraudulent representation or pretense, defrauds any other person of money, labor or property, whether real or personal, or who causes or procures others to report falsely of his wealth or mercantile character, and by thus imposing upon any person obtains credit, and thereby fraudulently gets possession

of money or property, or obtains the labor or service of another, is punishable in the same manner and to the same extent as for the larceny of the money or property so obtained.''

In passing upon the sufficiency of the information we must use as the principal criterion to guide us section 4983, Revised Code 1928, which reads as follows:

"§ 4983. Non-prejudicial error. No indictment or information is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits.''

We have held that under the provisions of section 523 of the Penal Code of 1913, of which section 4777, *supra,* is a re-enactment, the false pretenses on which the information under such section is based must be of an existing or past fact, and cannot be predicated upon promises to be performed in the future, and that it must be shown that the injured party believed the pretenses were true and relied upon them, and by reason thereof parted with his property. We have also held, however, that if a person of common understanding can understand from the information that these matters were charged by necessary inference at least, it is not necessary that they be set forth directly. *Willis* v. *State,* 34 Ariz. 363, 271 Pac. 725. The information is extremely lengthy, but in order that our holding may be understood it is necessary to set it forth in full. It reads as follows:

"In the name and by the authority of the State of Arizona, William Maseeh is accused this 16th day of April, 1934, by the County Attorney of Maricopa County, State of Arizona, by this information, of the crime of obtaining personal property by false pretenses, a Felony, committed as follows, to-wit:

"The said William Maseeh on or about the 3rd day of February, 1934, and before the filing of this information at and in the County of Maricopa, State of Arizona, then and there devising and intending by unlawful ways and means and by false and fraudulent pretenses and representations to obtain personal property from J. M. Mondo, did then and there obtain from said J. M. Mondo, personal property consisting of 10555 pounds of cabbage of a value of $158.35; 530 dozen carrots of a value of $66.25; 8 dozen parsley of a value of $2.80; 12 dozen radishes of a value of $1.50, and 23 dozen beets of a value of $2.87, an aggregate value of $231.75, and all as a part of the same transaction;

"That said William Maseeh did then and there wilfully, unlawfully, knowingly, designedly, falsely, fraudulently and feloniously, by certain false and fraudulent pretenses and representations obtain said personal property from said J. M. Mondo, in the manner following, to-wit:

"On or about the 2nd day of February, 1934, the said J. M. Mondo was engaged in the business of truck gardening, including the growing of the vegetables hereinbefore set forth, in said County and State, and on said day defendant did represent to him that he and one Vladomir Malovich were partners, and offered to purchase from him said vegetables, and agreed to pay therefor, and that the deal was a cash deal; the said representation that defendant would pay for said vegetables was false and untrue and known to be false and untrue when made by said defendant, the defendant having no intention of paying for said vegetables, but on the contrary intended not to pay for same, said false and fraudulent representations being then and there made in pursuance of a general plan and scheme and course of business of said defendant of purchasing vegetables, with no intention of paying for same, and without paying for same.

"The said J. M. Mondo did then and there believe said false and fraudulent representations, and in reliance thereon, did employ sufficient men to pull, cut and load said vegetables into an automobile truck then and there provided by said defendant, and which

said defendant represented to said J. M. Mondo that he owned, together with two additional and larger automobile trucks, thereby leading said J. M. Mondo to believe that he was doing business with a man of financial substance and good credit and said J. M. Mondo did so believe, and so believing did rely thereon; that said representations that said William Maseeh owned said automobile trucks was false and untrue, as he then and there well knew.

"The said J. M. Mondo, upon completion of the loading of said vegetables into said automobile truck, about the hour of 11:30 o'clock P. M. of the 2nd day of February, 1934, did then and there demand payment for said vegetables, and defendant did then and there, and for the first time, inform him that he was then unable to make immediate payment for said vegetables, and did then and there falsely represent to said J. M. *Monday* that he and said Vladomir Malovich would give him a check the following morning for said vegetables;

"The said representations were false and untrue at the time same were made, and known to be false and untrue by said defendant, the said defendant then and there having no intention of paying for said vegetables, but on the contrary did then and there intend not to pay for same;

"The said J. M. Mondo did believe said false and fraudulent representations and each of them, and relying thereon did permit defendant to take and carry away said vegetables in said automobile truck to the City of Phoenix, Maricopa County, Arizona;

"The said defendant, on the following morning, on or about the 3rd day of February, 1934, did then and there falsely represent and pretend to said J. M. Mondo that he and said Vladomir Malovich would give him a check for the purchase price of said vegetables because they did not have enough money in the bank to cover same, and exacted a promise from said J. M. Mondo that he would not present said check to the bank for payment until the 23rd day of February, 1934, the said defendant thereby inducing said J. M. Mondo to believe that he and said Vladomir Malovich had an account in the bank hereinafter alleged, but without funds sufficient therein at said

time to pay the full amount of said check, and in pursuance of and to said false and fraudulent representations, said defendant and said Vladomir Malovich did go with said J. M. Mondo to the Phoenix National Bank, a banking corporation doing business in said City, County and State, and did then and there falsely represent and pretend to said J. M. Mondo that they were giving him a check in his favor, drawn on the Phoenix National Bank, a banking corporation as aforesaid, when in truth and in fact the instrument they gave to him, as defendant and said Vladomir Malovich then and there well knew, was not a check drawn in his favor, or payable to the said J. M. Mondo, but on the contrary was in form, a withdrawal receipt on a form used by said banking corporation for the benefit of its depositors, and which said form entitled only the drawer thereof to withdraw money from said banking corporation, as said William Maseeh and said Vladomir Malovich well knew, and then only providing there were sufficient funds on deposit to the credit of said drawer to cover the amount of said receipt, and did not entitle said J. M. Mondo to receive payment from said banking corporation of the amount thereof; that at the time said defendant and said Malovich gave said J. M. Mondo said instrument in writing, they, and neither of them, had on deposit in said Phoenix National Bank, money to cover the amount of said withdrawal receipt, nor any part thereof, nor any account with or in said bank, and had no intention of depositing money to cover said withdrawal receipt, on February 23, 1934, or at all, but did then and there falsely and fraudulently represent to said J. M. Mondo that said purported check would be cashed by said banking corporation on said 23rd day of February, 1934, and said representations and each of them were false and untrue, and known by said William Maseeh to be false and untrue when made, and were believed to be true and acted and relied upon as true by said J. M. Mondo;

"The said J. M. Mondo did then and there believe that said instrument in writing was a check drawn in his favor in the amount of $231.75, on the Phoenix National Bank, and that said William Maseeh and

Vladomir Malovich were partners and had an account with said bank, and that said William Maseeh was the owner of three automobile trucks, and a man of financial standing and good credit, and that said check would be paid to him by said banking corporation on said 23rd day of February, 1934, upon presentation for payment, and did believe that said instrument in writing entitled him to obtain payment from said banking corporation of the amount thereof upon presentation for payment;

"Each and all of said representations and pretenses were false and untrue when made, and known by said William Maseeh to be untrue when made, but were relied upon and acted upon as true by said J. M. Mondo; and so believing said J. M. Mondo then and there permitted said William Maseeh to take and carry away said vegetables in said automobile truck, and said defendant did take and carry away said vegetables in said automobile truck;

"Said purported check and instrument in writing, represented as aforesaid to be a check in favor of said J. M. Mondo, and the endorsement thereon signed by said J. M. Mondo, is in words and figures as follows, to-wit:

" 'Withdrawal Receipt
" 'The Phoenix National Bank
" 'Phoenix, Arizona, Feb. 3, 1934.
" 'Received from the Phoenix National Bank two hundred thirty one 75/100 dollars $231.75/100
" 'VLADOMIR MALOVICH.'
" 'I agree to Hold this check till Feb. 23, 1934
" 'J. M. MONDO.'

"The said J. M. Mondo did, on the 23rd day of February, 1934, present said purported check to the Phoenix National Bank, a banking corporation as aforesaid, for payment, and payment was refused, and neither said William Maseeh nor said Vladomir Malovich, nor both of them had an account with said banking corporation, nor any credit whatsoever with said banking corporation on said date, and had no account or credit whatsoever with said banking corporation on the 3rd day of February, 1934; . . . contrary to the form, force and effect of the statute in

such cases made and provided and against the peace and dignity of the State of Arizona.''

We think that a person of common understanding would believe that the information alleged the facts in substance to be as follows: J. M. Mondo, on or about the 2d day of February, 1934, was engaged in the business of truck gardening in Maricopa county. On that date defendant came to him and represented that he and one Vladomir Malovich were partners and agreed to purchase from him certain vegetables for cash. Mondo thereupon harvested some $200 worth of vegetables and placed them on a truck provided by defendant, expecting to receive the money therefor, but before possession of and title to the vegetables passed to defendant the latter informed Mondo that he did not have the cash but would pay him by a check in the morning, whereupon Mondo allowed the vegetables to be taken to Phoenix. The next morning Mondo, defendant, and Malovich met in Phoenix and went to the Phoenix National Bank, whereupon Malovich, in the presence of defendant, wrote out what is known as a ''withdrawal receipt'' signed by Malovich and delivered it to Mondo. Both defendant and Malovich represented to Mondo that they had an account with the bank, but that it was at the moment insufficient to pay the bill and that the document which they had given him was a check on such account which would be paid on the 23d of February, and at their solicitation Mondo agreed to hold the check until said 23d day of February before presenting it for payment. It is further alleged that defendant made all these representations in regard to cash payment and then to payment by check, and that he and Malovich had an account in the Phoenix National Bank, and that the withdrawal receipt was a check on said account, with the full knowledge that

he did not have the cash to pay for the vegetables; that neither he nor Malovich had at the time the withdrawal receipt was signed and delivered to Mondo any account in the bank on which it was drawn; that the instrument which was delivered to Mondo was not in truth a check, but was a mere withdrawal receipt which under no circumstances could be cashed by Mondo; and that all of these representations were made by defendant with the intent to deceive Mondo, and by means of such false representation and deception to obtain the vegetables mentioned in the information without paying therefor. It is also alleged that title and possession of the vegetables in question did not pass to defendant until after the withdrawal receipt aforesaid had been delivered to Mondo, and that he relied on these representations and would not have delivered title and possession of the goods to Maseeh except for his belief in the truth thereof. There are many other matters appearing in the information, but they may be disregarded as surplusage. We are of the opinion that this includes all the essential ingredients of a complaint under section 4777, *supra,* although the information might have been considerably simplified. As we take it, the actionable false pretenses were the representations by defendant to Mondo that he and Malovich had an account with the bank at the time the withdrawal receipt was delivered, and that such withdrawal receipt was a check on the bank. The title and possession of the property was alleged to have passed *after* these representations, and the information fairly alleges that the representations were false, were known to be false by defendant, and were made with the intent that Mondo should act thereon, and that it was by reason of his belief in their truth that he finally parted with the title to

and possession of his property. We hold, therefore, that applying the provisions of section 4983, *supra,* the information does charge a public offense under section 4777, *supra.*

The next assignment of error is that the evidence does not sustain the verdict, and that the testimony of the prosecuting witness was uncorroborated. Under the provisions of section 5054, Revised Code 1928, upon a trial for obtaining property under false pretenses when the false pretense was expressed in language, unless the pretense is in the handwriting of defendant, or subscribed by him, or unless it is proved by the testimony of two witnesses, or by one witness and corroborating circumstances, no conviction can be had. Mondo testified fully and completely to all of the facts necessary to sustain a conviction under the information. The false pretenses, however, were not in writing, and therefore it was necessary to prove them by the testimony of another witness or by corroborating circumstances. The testimony of Malovich at the preliminary hearing was offered in evidence, and there is no objection that it was not properly admitted. He testified, in substance, that Maseeh and Mondo came to him, and that he went over to the bank with them and signed the withdrawal receipt. The testimony of the witness Jordon also shows that Maseeh, Malovich, and Mondo came to him together with the receipt, and that Mondo wanted him to take care of it until it was due, while Robertson, the assistant cashier of the bank, testified that neither Maseeh nor Malovich during February, 1934, had any account or credit with the bank. We are of the opinion that this testimony, together with the withdrawal receipt itself, shows sufficient circumstances to corroborate the testimony of Mondo as to the representation by Maseeh that he and Malovich did have an account in the bank, and

that the withdrawal receipt was in fact a check on such account.

The third assignment of error is that three instructions given by the court were erroneous, (a) because one was a comment on the evidence, and (b) because the other two did not state specifically that the false representations must have been made by defendant with intent to defraud Mondo, and that he should rely on them. We think it unnecessary to set these instructions forth in full. We have repeatedly held that instructions must be considered as a whole and not by separating them into isolated portions. On examining the entire charge of the court we are satisfied that the jury was properly instructed that the false representations must be made by defendant with the guilty intent required by the statute. Nor was there any comment on the evidence in the other instruction complained of. It amounted simply to a declaration by the trial judge that the information did state a public offense. This was merely a statement of law and in no manner a comment on the evidence.

The fourth and last assignment of error is that the verdict was not sufficient. This verdict reads as follows:

"We, the jury, duly impanelled, sworn in the above cause, do find the defendant guilty of obtaining personal property by false pretenses, a felony, value in excess of Fifty ($50.00) Dollars."

It is urged, apparently, that this is in effect a special verdict under section 5087, Revised Code 1928, and that it is insufficient under such section. In support of the contention defendant cites the case of *Kimball et al.* v. *Territory,* 13 Ariz. 310, 115 Pac. 70. We have had occasion to discuss the rule laid down in the Kimball case in the case of *Holder* v. *State,* 31 Ariz. 357, 253 Pac. 629, and have pointed

out the difference between a "general verdict" which, in addition to finding the defendant guilty, attempts to describe the offense whereof he was convicted, and a "special verdict," which merely finds the facts, leaving the judgment of guilty or not guilty to the court. We are of the opinion that the verdict in the present case falls within the rule laid down in *Holder* v. *State, supra,* rather than that in *Kimball et al.* v. *Territory, supra.*

This disposes of the four assignments of error, but even if there were technical error in the information or some of the proceedings we should decline to reverse the case. Section 22, article 6, of the Constitution reads as follows:

"Section 22. The pleadings and proceedings in criminal causes in the courts shall be as provided by law. No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done."

We have read the reporter's transcript of evidence in this case with great care, and from it we are satisfied beyond the peradventure of a doubt that defendant, believing that he had discovered a method of avoiding punishment for a violation of section 4777, *supra,* deliberately and carefully carried into effect a preconceived scheme for obtaining from Mondo a large quantity of personal property by false pretenses without paying therefor or being responsible criminally for his actions. His whole course of conduct shows this plainly, and the jury very properly by their verdict found that he was guilty of violating the law. We have never had before us an appeal where we were more thoroughly satisfied that upon the whole case substantial justice has been done.

The judgment of the superior court of Maricopa county is affirmed.

McALISTER and ROSS, JJ., concur.