506 P.2d 1041

**STATE of Arizona, Appellee,**

v.

**Stephen Louis HERNDON, Appellant.**

**No. 2305.**

Supreme Court of Arizona, In Division.

March 5, 1973.

Rehearing Denied April 3, 1973.

Gary K. Nelson, Atty. Gen., by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

Defendant, Stephen Louis Herndon, was charged with two counts of kidnapping, two counts of assault with a deadly weapon and one count of theft of a motor vehicle. The latter three counts, plus an allegation of prior conviction of second degree burglary, were dismissed upon entry of a plea of guilty to the two kidnapping charges. Defendant was sentenced to from nine to ten years on each count to run concurrently.

One question is presented on appeal: Was there a valid acceptance of defendant's guilty plea under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), when the court did not advise defendant of the elements of the charge against him and did not ascertain that the defendant understood the nature of the charges against him.

At the plea hearing on February 1, 1971, the court examined defendant and ascertained that he was nineteen years old, had a tenth grade education, and worked as an electrician. Herndon was advised that the range of punishment for kidnapping was one to ten years and that the sentences could run to a maximum of twenty years. The court advised defendant of his right to a jury trial, of his privilege against self-incrimination and of his right to cross-examination. In determining whether defendant understood the charge against him, the following exchange took place:

THE COURT: Do you understand that by Count 1 of the information in

**148**

this case that you are charged with the crime of kidnapping, a felony?

THE DEFENDANT: Yes, sir.

THE COURT: That in particular Count 1 of the information charges that on or about November 2, 1970, in the County of Maricopa, State of Arizona, that you did kidnap one Anna Thea Bogdanovich, in violation of the Arizona Revised Statutes?

THE DEFENDANT: Yes, sir.

THE COURT: Do you fully understand the charge against you in Count 1 of the information?

THE DEFENDANT: Yes, sir.

THE COURT: Do you further understand that by Count 2 of the information that you are charged with the crime of kidnapping, a felony, that in particular Count 2 of the information charges that on or about November 2, 1970, in the County of Maricopa, State of Arizona, that you kidnapped one Thomas Stuart Verbil, in violation of the Arizona Revised Statutes?

THE DEFENDANT: Yes, sir.

THE COURT: Do you desire to enter pleas of guilty to both counts, Count 1 and Count 2 of the information?

THE DEFENDANT: Yes, sir.

THE COURT: Have you discussed with your attorney as to what may happen as a result of your plea of guilty to these crimes?

THE DEFENDANT: Yes, sir.

We hold that the above interrogation by the judge was clearly sufficient to satisfy the requirements of *Boykin* that the defendant understood the nature of the charge against him.

In response to defendant's contention that the court erred in not advising defendant of the specific elements of the charges against him, we must disagree. Arizona courts have consistently held that it is sufficient that the court, not the defendant, satisfy itself of the factual basis ·for the plea. This factual basis will, of necessity, show a factual basis for each of the elements of the crime. State v. Rowe, 109 Ariz. 12, 503 P.2d 960 (1972), State v. Fulper, 16 Ariz.App. 357, 493 P.2d 524 (1972). The trial court specifically held that it was satisfied that there was a factual basis for the pleas on the basis of the record of the plea hearing and the defendant's statements to the probation officer.

*Conviction affirmed.*

STRUCKMEYER and LOCKWOOD, JJ., concur.