543 P.2d 441

**STATE of Arizona, Appellee,**

v.

**Ron CARR, Appellant.**

**No. 3263.**

Supreme Court of Arizona,
En Banc.

Dec. 3, 1975.

Rehearing Denied Jan. 13, 1976.

**454**

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III, and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Ron Carr plead guilty to the charge of confidence game, a felony. Appellant was sentenced to serve not less than one nor more than three years in the Arizona State Prison. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

Appellant presents two questions for review:

1. Does the record show a factual basis for the charge of Confidence Game in violation of ARS § 13–312?
2. Was the denial of appellant's motion to withdraw the plea of guilty an abuse of discretion?

On August 28, 1974 appellant was a passenger in a car which had stopped to purchase gas at the R.M.C. Gulf Station. Appellant paid for the gas initially, with a ten-dollar bill and was given nine dollars change by the attendant. The driver then indicated that he desired to pay for the gas, at which time the attendant returned appellant's dollar. Appellant thereafter engaged in a discussion with the attendant, claiming that he had paid with a twenty-dollar bill and was therefore due an additional ten dollars. During the course of the conversation, various amounts of money were exchanged resulting in the taking which forms the basis of the charge of confidence game.

Appellant contends that no factual basis exists on the record to support the charge of obtaining money by means of a confidence game. Appellant argues that a plea of guilty, not substantiated in fact by the trial court, must be vacated.

■ Rule 17.3, 1973 Rules of Criminal Procedure, provides that the court shall determine "that there is a factual basis for the plea." Our Rule 17.3, 1973 Rules of Criminal Procedure, is derived from Rule 11, Federal Rules of Criminal Procedure. The United States Supreme Court, in interpreting Rule 11, stated that "the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination." *McCarthy v. United States*, 394 U. S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969). The United States Supreme Court went on to state that "Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea. The judge must determine 'that the conduct

which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.'" *McCarthy v. United States, supra,* at 467, 89 S.Ct. at 1171. We find this reasoning persuasive. We hold that a conviction on a plea of guilty cannot be sustained unless there is a factual basis to support each of the elements of the crime to which the plea is made. *See State v. Herndon,* 109 Ariz. 147, 506 P.2d 1041 (1973).

The trial court, not the defendant, must satisfy itself of the factual basis for the plea. *State v. Herndon, supra.* For purposes of its factual review, the trial court may consider the transcript of the preliminary hearing as well as the presentence report. *See State v. Darling,* 109 Ariz. 148, 506 P.2d 1042 (1973).

Appellant is charged with obtaining money by means of a confidence game. This court recognizes that the term "confidence game" is a term of art involving the taking of money by fraud from a victim by means of a trick or deception after the victim's confidence "has first been secured through some false representation or deception." *Kimball v. Territory,* 13 Ariz. 310, 115 P. 70 (1911), *Clark v. State,* 53 Ariz. 416, 89 P.2d 1077 (1939). Our review of the preliminary hearing transcript reveals that the appellant made an attempt to confuse the gas station attendant into believing that appellant tendered a twenty-dollar bill in payment, as opposed to a ten-dollar bill. It appears that the attendant was never confused and in fact actively disputed the claim. In the final analysis, appellant was forced to take the ten-dollar bill which the attendant intended to exchange for a five-dollar bill and five one-dollar bills.

At the time of appellant's plea, the following inquiry into the factual basis of the charge was made by the court:

"THE COURT: Do you understand that the charge is that on or about August the 8th you obtained money by some kind of confidence game, money from a man named Randy E. Endglass (phonetical).

"Who is this man we're talking about here?

"MR. CARR: I guess a guy at the gas station in the service station.

"Q What did you do?

"A I handed him some money, and he gave me—I bought some gas and handed him $10.00, and he gave me $9.00 back, and I gave him eleven more dollars and told him to let me have the $20.00 bill, and he gave it to me.

"THE COURT: All right.

"Do you want to plead guilty to that charge of confidence game?

"MR. CARR: Yes.

"THE COURT: Did he give you the $20.00?

"MR. CARR: Yes."

In our review of the entire record, including the presentence report, we find no factual basis to support the element of the crime of confidence game which requires that the victim's confidence first be secured. We hold that appellant's guilty plea must be vacated since no factual basis exists on the record to support the charge of confidence game. In light of our holding, we will not consider appellant's remaining question on appeal.

It is ordered that the plea of guilty is vacated and that any and all charges pending against the appellant, which were waived pursuant to the plea agreement, be reinstated.

Remanded for proceedings consistent with this opinion.

STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.

CAMERON, Chief Justice, (dissenting).

I regret that I must dissent in this matter. I have no quarrel with the law as stated in the majority opinion. I do believe, however, that the facts support a

finding by this court that there was a sufficient factual determination at the plea of guilty to show that the defendant was, in fact, guilty of the crime as charged. The statement of the defendant at that hearing was as follows:

"I handed him some money, and he gave me—I bought some gas and handed him $10.00, and he gave me $9.00 back, and I gave him eleven more dollars and told him to let me have the $20.00 bill, and he gave it to me."

This statement alone is sufficient from which the trial court could find that the defendant had obtained by "false representation or deception" the confidence of the service station attendant and the service station attendant believed that he owed the defendant the $20. I believe this complies with the statute and was sufficient from which the trial court could accept a plea of guilty by the defendant to the charge of confidence game in violation of A.R.S. § 13–312.