558 P.2d 903

**STATE of Arizona, Appellee,**

v.

**Charles Franklin NORRIS, Sr., Appellant.**

**No. 3708–PR.**

Supreme Court of Arizona,
En Banc.

Dec. 20, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Teresa S. Thayer, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Appellant Charles Franklin Norris, Sr., was charged with two counts of embezzlement in January, 1975. Four months later he entered a plea agreement with the Maricopa County Attorney's office to plead guilty to two counts of obtaining money or property by false pretense or confidence game, open end, in violation of A.R.S. § 13–312. In return, the embezzlement charges were to be dismissed.

The plea was entered on May 20, 1975 and the appellant sentenced in July, 1975 to not less than four and one-half nor more than five years on both counts, to be served concurrently.

An appeal was taken to the Arizona Court of Appeals on one issue only: wheth-

er there was a factual basis established for the plea. The Court of Appeals, citing three other conflicting Court of Appeals decisions, which it tried to reconcile, affirmed appellant's conviction in a memorandum decision. It said therein:

". . . A factual basis for embezzlement does appear on the record. . . There is certainly no doubt of a factual basis for the crime of embezzlement. Appellant should not be able to take advantage of a plea to a lesser charge and then claim that there was no factual basis for the lesser charge." (1 CA–CR 1408, filed August 17, 1976)

We granted a petition for review in order to clarify the law in this area, and resolve the conflicts raised by these differing Court of Appeals cases.

■ The cases we refer to, aside from the one before us, are *State v. Jackson*, 14 Ariz.App. 591, 485 P.2d 580 (1971); *State v. Bates*, 22 Ariz.App. 613, 529 P.2d 1207 (1975); and *State v. McGhee*, 27 Ariz.App. 119, 551 P.2d 568 (1976). Those three cases, and the case before us, seem to give conflicting views of what the test should be for a trial judge seeking to determine that there is a factual basis for a guilty plea or a no-contest plea when the original charge has been amended or reduced.

17 A.R.S. Rules of Criminal Procedure, rule 17.3, requires the trial court to determine that there is a factual basis for a plea of guilty or no contest. In discussing the plain meaning of this rule, we have recently said:

". . . [A] conviction on a plea of guilty cannot be sustained unless there is a factual basis to support each of the elements of the crime to which the plea is made. . . ." *State v. Carr*, 112 Ariz. 453, 455, 543 P.2d 441, 443 (1975).

We find *Carr* dispositive of the issue of determining factual basis, whether the defendant pleads to the original charge or to an amended or lesser charge. In either case, the trial judge must be satisfied that there is a factual basis to support all the essential elements of whatever charge the defendant pleads to. *State v. Carr, supra.*

The factual determination does not require a finding that the defendant is guilty beyond a reasonable doubt, *State v. Reynolds*, 25 Ariz.App. 409, 544 P.2d 233 (1976), but only ". . . strong evidence of actual guilt. . . ." *North Carolina v. Alford*, 400 U.S. 25 at 37, 91 S.Ct. 160 at 167, 27 L.Ed.2d 162 at 171 (1970).

■ Applying this test to the fact situation in issue, we must vacate the opinion of the Court of Appeals.

One of the essential elements of A.R.S. § 13–312, frequently enumerated in Arizona case law, is that the taking of the money or property from a victim be by means of a trick or deception, after the victim's confidence has been secured. It is apparent from the record in this case that this element is missing.

Appellant was an apartment manager and collected rents as part of his duties. On or about October 14, 1974 he collected some rent money which he never turned over to the landlord, the complainant in this action.

These facts clearly support the embezzlement charges originally made, as the Court of Appeals found, but just as clearly they do not support a charge of obtaining money or property by false pretense or confidence game. Since the *Carr* rule must be applied, the conviction in this case cannot be sustained. There is no factual basis to support an essential element of the crime to which appellant pled.

■ We do not seek, by this opinion, to restrict parties to a criminal action to plea agreements which allow only a plea to a lesser included offense, or reductions of sentences only. We do, however, approve the standard set by the American Bar Association's Project on Minimum Standards for Criminal Justice, Standards Relating to Guilty Pleas, section 3.1(b)(ii):

"(b) The prosecuting attorney, in reaching a plea agreement, may agree to one or more of the following, as dictated by the circumstances of the individual case:

.     .     .     .     .

(ii) to seek or not to oppose dismissal of the offense charged if the defendant enters a plea of guilty or nolo contendere to another offense reasonably related to defendant's conduct; . . ."

The commentary thereto gives this rationale:

"The language in section 3.1(b)(ii) . . . requires that the reduction be to a charge which bears some categoric similarity to the original charge. . . In this way, the defendant's record (to be used later by correctional personnel and perhaps by law enforcement officials), while not a completely accurate portrayal of his criminal history, will not be grossly misleading and thus will not likely result in inappropriate correctional treatment or police suspicion."

This rationale applies equally to the *Carr* rule which should be used in the future by all trial judges accepting pleas to the original charge, or to any amended charge. Assuring themselves that there is a factual basis for each element of the crime to which a defendant pleads will consequently assure an accurate criminal record for the defendant, and those who must deal with him in the future.

It is ordered that the order accepting the plea of guilty is vacated and that any and all charges pending against the appellant, which were dismissed pursuant to the plea agreement, be reinstated.

Remanded for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and GORDON, J., concurring.

HOLOHAN, J., concurs in the result.