619 P.2d 758

The STATE of Arizona, Appellee,

v.

Donald Wayne LOUDEN, Appellant.

No. 2 CA–CR 1968.

Court of Appeals of Arizona, Division Two.

Sept. 16, 1980.

Rehearing Denied Oct. 23, 1980.

Review Denied Nov. 18, 1980.

---

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Frank P. Leto and Richard Gierloff, certified pursuant to Rule 28(e), Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Pursuant to a plea agreement, appellant pled guilty to obtaining money by false pretenses in violation of A.R.S. Sec. 13–312, the crime having occurred at a time when the old rules were in force. Appellant was sentenced to the Arizona State Prison for not less than one nor more than two years. On appeal, appellant attacks the sufficiency of the factual basis for his plea.

Rule 17.3, Arizona Rules of Criminal Procedure, provides that the court shall determine a factual basis for the plea. When there is a plea agreement, the factual basis must relate the crime to which the defendant is pleading as opposed to the original charge being dismissed. *State v. Norris*, 113 Ariz. 558, 558 P.2d 903 (1976). A factual basis must exist for each element of the crime pled to. *State v. Carr*, 112 Ariz. 453, 543 P.2d 441 (1975). A factual basis does not require a finding of guilt beyond a reasonable doubt, and a factual basis may be found in the extended record. *State v. Reynolds*, 25 Ariz.App. 409, 544 P.2d 233 (1976).

A.R.S. Sec. 13–312, as amended in 1959, states:

"A person who, with intent to cheat and defraud, obtains or attempts to obtain from any other person, money, property, or valuable consideration, by means or by use of any trick or deception, false or fraudulent representation, statement or pretense, or by any other means, instruments or device commonly called a 'confidence game' shall be punished . . . "

The record shows that appellant purchased a camper on September 9, 1978, making a down payment with a check. Appellant maintains he told the salesperson to hold the check until the following Monday when he would make a deposit, but admitted he knew he had no way of getting the money. In *State v. Carr*, supra, our Supreme Court discussed A.R.S. Sec. 13–312:

"This court recognizes that the term 'confidence game' is a term of art involving the taking of money by fraud from a victim by means of a trick or deception after the victim's confidence 'has first been secured through some false representation or deception.' *Kimball v. Territory*, 13 Ariz. 310, 115 P. 70 (1911), *Clark v. State*, 53 Ariz. 416, 89 P.2d 1077 (1939)." 112 Ariz. at 455, 543 P.2d at 443.

In every confidence game, a false pretense is involved, but every false pretense does not involve a confidence game. *Clark v. State*, 53 Ariz. 416, 89 P.2d 1077 (1939); 3 Wharton's Criminal Law, Sec. 451 (14th ed. 1980). The gist of the offense is the betrayal of a victim's confidence in the defendant, *State v. Ellis*, 67 Ariz. 7, 189 P.2d 717 (1948), such confidence having been obtained for the purpose of the subsequent betrayal.

Obtaining money or property by false pretenses is not enough to convict of obtaining it by the confidence game. *Clark v. State*, supra. A bogus check can be a confidence game, *McBride v. People*, 126 Colo. 277, 248 P.2d 725 (1952), but not all bad checks constitute a confidence game. *People v. Lindsay*, 119 Colo. 248, 202 P.2d 951 (1949); *People v. District Court*, 119 Colo. 451, 208 P.2d 79 (1949).

The act alleged to have been committed by appellant herein is not within the contemplation of Sec. 13–312. An analysis of the historical development of the confidence game statute indicates that it was intended to reach "a class of offenders sometimes known as 'confidence men,' who, with intent to cheat and defraud, obtain through some false representation, trick or deception the money of their victim . . . ." *Kimball v. Territory*, 13 Ariz. 310, 318, 115 P. 70, 73 (1911). Appellant's crime more closely resembles that of former Sec. 13–316, drawing a check or draft on insufficient account with intent to defraud, a section under which he was originally charged. This section originated in Chapter 33, Session Laws of 1919, and evidences an attempt by the legislature to separate the crime of drawing checks on insufficient accounts from obtaining money or property by a confidence game. *Clark v. State*, supra; *State v. Meeks*, 30 Ariz. 436, 247 P. 1099 (1926).

It would then appear that the act committed by appellant is not within Sec. 13–312. In *Clark v. State*, supra, the court reiterated that the confidence game statute was to provide for a class of false representations not included in the other statutes. The court pointed out that nowhere in its decisions did it define false pretenses, but by a process of elimination found that the confidence game section did not cover the mere false representation involved in *Clark v. State*. The *Clark* situation is analogous

to that herein. Here there was the defrauding of another of property. However, as the *Clark* court pointed out, citing *People v. Peers*, 307 Ill. 539, 139 N.E. 13 (1923), a situation involving a false or fraudulent representation or pretense may also satisfy the confidence game statute if it is a situation which involves a trick or device of the character of those employed to gain the confidence of the victim. In *People v. Lindsay*, supra, a "short" check case, the court found that "the use of the word 'false' or 'bogus' check in the 'confidence game' statute means something more than the mere taking and passing of the check." 202 P.2d at 953.

In *Clark*, the court found that the representations made did not constitute a trick or device within the meaning of the confidence game statute, but were merely false and fraudulent representations within the purview of another section. In the case before us, the representation that appellant would have enough money in his account to cover the check he was writing is a mere false representation and did not violate the confidence game statute. No trick or deception was utilized to obtain the confidence of the victim and since no adequate factual basis can be found in the record, the judgment of conviction and the sentence imposed are vacated.

HOWARD and RICHMOND, JJ., concur.