NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Respondent*,

*v.*

GERARDO ANDRADA-PASTRANO,
*Petitioner*.

No. 1 CA-CR 13-0669 PRPC

FILED 10-8-2015

Appeal from the Superior Court in Maricopa County
No. CR 2010-140334-001
The Honorable Sherry K. Stephens, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Gerardo Andrada-Pastrano, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

**¶1** Petitioner, Gerardo Edmundo Andrada-Pastrano, petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated below, grant review and deny relief.

**¶2** Petitioner was convicted of a sexual offense he committed in 1991 (the 1991 case). This conviction required Petitioner to register as a sex offender. In 2010, the State charged Petitioner with two counts of failure to register as a sex offender. Petitioner ultimately pled guilty to a class six felony, presentment of a false instrument for filing, and the trial court placed him on three years' probation. Petitioner filed a pro se petition for post-conviction relief of-right after his counsel found no colorable claims. The trial court found Petitioner presented colorable claims for relief, however, and held an evidentiary hearing. The court denied the petition for post-conviction relief at the conclusion of the hearing and Petitioner now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3** In his petition for review, Petitioner argues the factual basis to support his plea was insufficient; his trial counsel was ineffective; the trial court erred when it refused to appoint an investigator to assist Petitioner; he has newly discovered evidence regarding the 1991 case and the court improperly limited the scope of the evidentiary hearing. We will affirm the trial court's ruling if it is based on substantial evidence. *See State v. Sasak*, 178 Ariz. 182, 186 (App. 1993).

**¶4** The factual basis required to support a plea may be determined from the extended record, which may include presentence reports, transcripts from preliminary hearings, proceedings before the grand jury, and other sources. *See State v. Sodders*, 130 Ariz. 23, 25 (1981). The factual basis may "be established by 'strong evidence' of guilt and does not require a finding of guilt beyond a reasonable doubt." *State v. Salinas*, 181 Ariz. 104, 106 (1994). Further, "Arizona courts have consistently held

that it is sufficient that the court, not the defendant, satisfy itself of the factual basis for the plea." *State v. Herndon*, 109 Ariz. 147, 148 (1973).

¶5 The factual basis was sufficient to support the plea. Defense counsel provided the factual basis at the change-of-plea hearing. Counsel explained to the court that on the date of the incident, Petitioner appeared in a public office and presented to a public officer a document he knew contained false information. Petitioner personally told the court he agreed with everything his attorney said. A probation violation report further clarified that Petitioner knowingly provided a false address on the registration form when he renewed his sex offender registration. This evidence is sufficient to support a guilty plea to presentment of a false instrument for filing. *See* Arizona Revised Statutes (A.R.S.) section 39-161 (West 2015).[1] That Petitioner later told the court at the change of plea hearing that he was also "negligent" is of no matter. The factual basis established more than sufficient evidence of Petitioner's guilt.

¶6 As to his claim of ineffective assistance of counsel, Petitioner argues his trial attorney was ineffective because counsel first argued at a settlement conference that Petitioner was merely negligent, and therefore innocent, but then took the opposite position when he provided the factual basis for the plea and told the court Petitioner acted knowingly. The trial court did not err when it denied relief on this issue because counsel's performance did not fall below an "objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Counsel's actions were well within the permissible bounds of advocacy.

¶7 Regarding the court's denial of Petitioner's request for the appointment of an investigator, Petitioner argues on review that he needed an investigator to locate, interview and/or help subpoena several witnesses. However, Petitioner advised the trial court that he only needed an investigator to locate and subpoena his trial counsel from this case and the 1991 case. He told the court that was what his motion for an investigator "was all about." We do not address this issue in the context of the 1991 case counsel because Petitioner presents no argument on review regarding his 1991 counsel. For the reasons stated below, the trial court was also correct in its determination that counsel from the 1991 case was irrelevant to any issue in this case. Regarding the witnesses Petitioner identifies for the first time in his petition for review, a petition for review may not present issues not first presented to the trial court. *See State v. Bortz*, 169 Ariz. 575, 577

---

[1] We cite the current version of the applicable statutes unless revisions material to this decision have occurred since the date of the offense.

(App. 1991); Ariz. R. Crim. P. 32.9.c.1.(ii). Therefore, we address this issue only in the context of trial counsel in the instant case.

**¶8**   A trial court has authority to grant discovery requests in post-conviction proceedings upon a showing of good cause. *See Canion v. Cole*, 210 Ariz. 598, 600, ¶ 10 (2005). However, there are no provisions in Rule 32 that provide for post-conviction discovery proceedings. *Id.* at 599-600, ¶¶ 7-10. Petitioner failed to show there was good cause to appoint an investigator because there was no need to locate and/or subpoena his counsel. During a telephonic conference a month before the evidentiary hearing, counsel informed the court and parties he would appear at the evidentiary hearing voluntarily, and he ultimately did so. While Petitioner argues that an investigator's interview of counsel would have revealed additional relevant information and would have helped prepare Petitioner for the hearing, Petitioner did not present this argument below.

**¶9**   Finally, Petitioner argues that his trial counsel was ineffective when he failed to investigate the validity of his 1991 conviction. Petitioner contends that his 1991 conviction is invalid for various reasons. He argues that because his 1991 conviction was invalid, he was not required to register as a sex offender, and therefore he cannot be guilty of presentment of a false instrument for filing. He further argues he has a newly discovered police report related to the 1991 case.

**¶10**   Petitioner's arguments amount to collateral attacks on his conviction in the 1991 case. His challenge of that conviction and claim of newly discovered evidence should have been made in a timely post-conviction proceeding in that case, not this case. Unless and until Petitioner successfully overturns his conviction in the 1991 case, that conviction remains valid and there was no reason for counsel in this case to investigate the validity of that prior conviction. For these same reasons, we find the trial court did not err when it prevented Petitioner from examining his attorney about this issue at the evidentiary hearing.

¶11      While the petition for review presents additional issues, Petitioner did not raise those issues in the petition for post-conviction relief filed below. Again, a petition for review may not present issues not first presented to the trial court.

¶12      For the foregoing reasons, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama