502 P.2d 527

STATE of Arizona, Appellee,

v.

Sharon Yvonne DAVIS, Appellant.

No. 2279.

Supreme Court of Arizona,
In Division.

Nov. 6, 1972.

Rehearing Denied Dec. 5, 1972.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., and Steve Hamilton, University of Arizona Law Student, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

On January 6, 1970, defendant was charged with robbing and assaulting a liquor store employee while armed with a gun. On August 28, 1970, defendant appeared before the trial court for the stated purpose of pleading to the robbery charge. The court did not accept her plea. On October 5, 1970, the court accepted a plea of guilty to robbery without a gun. At sentencing on November 18, 1970, the defendant's counsel requested and was denied a continuance to find some mitigating facts for a mitigation hearing. The court imposed a sentence of five to ten years. A motion to vacate the sentence was filed and a hearing held on January 18, 1971. It was denied.

Three questions are presented on appeal: (1) Did the court abuse its discretion in denying defendant's request for a mitigation hearing and again for denying defendant's motion to vacate sentence, (2) was the sentence of the court excessive, and (3) was defendant's plea valid under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Defendant's argument based on the court's failure to hold a mitigation hearing ignores the factual setting in which the question arose. The record clearly discloses that defendant's attorney requested a continuance "to find some mitigating facts," not that she requested a hearing. Rule 336 of the Rules of Criminal Procedure, 17 Ariz.Rev.Stat.Ann., only mandates a mitigation hearing when there is a suggestion "that *there are* circumstances which may properly be taken into consideration" (emphasis added). Defendant failed to assert any grounds for her contention that the denial of the motion to vacate the sentence was an abuse of discretion.

Defendant's claim that the trial judge abused his discretion in meting out an excessive sentence must fail. As long as the sentence imposed is within the statutory limitation, this court will not disturb the ruling of the trial court unless it clearly appears that the sentence imposed is so excessive that it results in an abuse of discretion. The record below demonstrates that, in spite of defendant's young age (she was 17 when sentenced), this was not her first brush with the law. Her record, plus the fact that the trial judge had an opportunity to consider defendant's demeanor when setting the sentence, compels us to find that there was no abuse of discretion. State v. Sayre, 108 Ariz. 14, 492 P.2d 393 (1972).

Third, defendant argues that her guilty plea was invalid under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). *Boykin* requires that the several constitutional rights involved in the making of a guilty plea, the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers, be knowingly and intelligently waived. This court has held that there is no required format necessary to fulfill *Boykin*. State v. Reynolds, 106 Ariz. 47, 470 P.2d 454 (1970). The record in the instant case shows that at the August 28, 1970, hearing the trial judge enumerated the three fundamental rights to be waived by defendant's guilty plea. He questioned her again at the actual plea-taking on October 5, 1970. The record is clear that he followed proper procedures to insure that

the plea was voluntary and that the defendant understood the consequences of her plea.

Judgment and sentence affirmed.

STRUCKMEYER, and LOCKWOOD, JJ., concur.