508 P.2d 769

STATE of Arizona, Appellee,

v.

Sheldon David SHAW, II, Appellant.

No. I CA–CR 484.

Court of Appeals of Arizona,
Division 1,
Department B.

April 19, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Judge.

Sheldon David Shaw, II, pleaded guilty to the crime of confidence game, A.R.S. § 13–312, and was sentenced to three to five years in the Arizona State Prison. On appeal he questions whether the record reflects a factual basis for the acceptance of his plea as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The defendant was originally charged with embezzling a car from a rent-a-car dealership in violation of A.R.S. § 13–682. Pursuant to a plea bargain, the county attorney filed an amended information alleging the confidence game charge. The defendant then pleaded guilty to the amended information. The trial court properly advised the defendant of the range of sentence which he might receive and the constitutional rights which he was waiving by his guilty plea.

As previously indicated, on this appeal the defendant contends that the record fails to show that there was a factual basis for the acceptance of his plea. He contends that there was nothing before the trial court to indicate that he took the automobile with an intention to defraud as required by A.R.S. § 13–312.

Defendant's statement to the trial judge of his intent at the time he rented the automobile furnishes some support for his present contention. At the change of plea hearing he stated:

"THE COURT:

\* \* \* \* \* \*

"Now in this information you are charged with obtaining a '71 Ford Mustang, as described previously, through false pretense or confidence game, and with the specific criminal intent to cheat and defraud.

"Now Mr. Shaw, as a matter of fact, did you commit the crime alleged in this information?

"A Yes, sir, I did.

"Q All right. And what did you do, specifically, Mr. Shaw?

"A Well, I rented the car from All-state Rental Car, and I had the intention of returning it. And my money just ran out, and instead of returning it I just took the car and didn't return it.

It wasn't done with the intention of defrauding but it did wind up to be that, Your Honor.

\* \* \* \* \* \*

"Q This crime, Mr. Shaw, requires an intent to cheat and defraud, and you are advising the Court, as I understand it, that you did not have such an intent. "MR. BUEHLER [Defendant's Counsel]: Might I have a moment to confer with Mr. Shaw?

"THE COURT: All right.

NOTE: Off the record discussion between the defendant and Mr. Buehler.

"MR. BUEHLER: Your Honor, I have spoken to Mr. Shaw about this matter, and he has indicated to me that after he took the automobile and after the due date for the return of the automobile in the past, why he was aware of the fact the automobile was to be returned, and that he did in fact owe money to the rental company, and that the car should have been returned, and that in spite of these facts he did not intend to do so, but in other words, he did have the intent in this situation to, in fact, cheat and defraud the rental company, is that correct, Mr. Shaw?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. Your intent, that was to cheat them out of the money which was due on the car, is that correct?

"THE DEFENDANT: Yes, sir."

It will be noted that defendant states that initially he intended to return the automobile, but (at the end of the four day rental period) when he knew that the car should have been returned, "he did not intend to do so".

If the trial judge were to be confined completely to defendant's expression of intent and bound to accept it as true, a close question might be presented as to whether there was a factual basis for the plea. However, the record is not devoid of other evidence from which the court could have found that, notwithstanding defendant's exculpating expressions, he did in fact have the necessary intent when he took the automobile.

In addition to the foregoing statements the trial judge had the benefit of defendant's admissions to writing numerous bad checks, immediately prior and subsequent to obtaining the vehicle; also to using a fictitious name on a social security card, and using the card for opening charge accounts and for hotel bills, none of which he paid. It is an understatement to note that the above-described conduct reflects adversely on defendant's credibility. When defendant's post-rental conduct relating to the automobile in question is also considered, we have no hesitancy in stating that the record adequately supports the trial judge's express finding that there was a factual basis for the guilty plea. After rental of the automobile, the defendant left the state of Arizona and changed his name so as to conceal his identity. He never made any attempt to return the automobile, and the automobile was only recovered some four months later as a result of surveillance by El Paso, Texas police of defendant as a motel bill-skipping suspect. The record is sufficient to support the trial court's express finding of a factual basis for the plea, notwithstanding defendant's conflicting expressions of his intent. *See* North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

As required by A.R.S. § 13-1715, we have examined the record for fundamental error and find none. The judgment of conviction and sentence are affirmed.

JACOBSON, C. J., Division 1, and EUBANK, P. J., concur.