520 P.2d 308

**STATE of Arizona, Appellee,**

v.

**Ronald Wayne BATTELLE, Appellant.**

**No. 2719.**

Supreme Court of Arizona,
In Division.

Feb. 22, 1974.

Gary K. Nelson, Atty. Gen., by Cleon M. Duke and Frank T. Galati, Asst. Attys. Gen., Phoenix, for appellee.

Hughes & Hughes, P. C., by Coit I. Hughes, Phoenix, for appellant.

HAYS, Chief Justice.

In two separate criminal actions which were finally consolidated, the defendant was charged with fifteen counts of lewd and lascivious acts and five counts of child molesting. As a result of a plea bargain, he entered a plea of guilty to four counts of lewd and lascivious acts, and the rest of the charges were dismissed. The trial court carefully complied with the requirements of *Boykin*, but on appeal defendant's counsel asserts that the court did not properly ascertain whether there was a factual basis for the plea of guilty on each of the four counts.

The defendant, when asked whether or not he had committed the specific acts charged in each count, responded by saying "I don't know, your honor, on the basis of the testimony I would assume that I did." The defendant had previously asserted that in each instance he was in a state of intoxication and had no recollection as to the acts which he committed. The court did not stop there, however. The prosecutor was asked to state what the evidence would be and he did so in some detail for each count. Thereafter, the judge asked the defendant whether he conceded that that was the evidence the state would present and the defendant responded "Yes." The court then found that there was a factual basis for the plea. It is also to be noted that one of the actions was by way of indictment, and a transcript of the testimony before the grand jury was present in the court files. In the other action, a preliminary hearing had been waived. We believe the trial court fully complied with the requirements of *Boykin* here, especially in light of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L. Ed.2d 162 (1970). We, therefore, hold that a sufficient factual basis for the guilty pleas was demonstrated.

The other point which defendant raises in this appeal concerns the four concurrent sentences, each twenty years to life, which were imposed by the court. At a hearing in mitigation, the defendant presented the testimony of a neuropsychiatrist who diagnosed defendant's problem as a "character disorder with a sexual deviation." The gist of defendant's contention is that his condition could be treated and cured by psychotherapy, but that such treatment is not available in the state prison. For this reason the defendant urges the long sentences constituted cruel and unusual punishment. With this we cannot agree. It appears that the defendant had previously been charged with lewd and lascivious acts and pleaded guilty to a reduced charge of contributing to the delinquency of a minor. Defendant was on probation when the acts involved in this litigation were committed. It appears also that at that time defendant was also receiving some psychiatric or psychological treatment.

In State v. Kennedy, 106 Ariz. 190, 472 P.2d 59 (1970), we held that not only are punishment and rehabilitation two objectives of our penal laws, but also there is the function of protecting society from further harm by the criminal. Faced with the alternative of either locking defendant up or leaving him on the streets to prey on little girls, we cannot say that the trial court abused its discretion in imposing the sentence indicated. Although defendant claims no recollection of his acts, there is evidence in the record to indicate that he

told the little girls not to tell anyone about the acts or they would be in trouble, and rewarded the little girls for not telling. Each of the victims was under the age of ten years. *See* State v. Masters, 108 Ariz. 189, 494 P.2d 1319 (1972); State v. Fischer, 108 Ariz. 325, 498 P.2d 147 (1972); and State v. Davis, 108 Ariz. 490, 502 P.2d 527 (1972).

The judgments of conviction and sentences are affirmed.

CAMERON, V. C. J., and HOLOHAN, J., concur.