529 P.2d 1207

**The STATE of Arizona, Appellee,**

v.

**William Glen BATES, Appellant.**

**No. I CA–CR 686.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 9, 1975.

Rehearing Denied Feb. 5, 1975.

Review Denied March 4, 1975.

N. Warner Lee, Atty. Gen. by Michael C. Anderson, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Presiding Judge.

The defendant, William Glen Bates, was charged with the crime of attempted robbery. The defendant, through the public defender, entered into a plea bargain whereby defendant agreed to plead to the charge of aggravated assault. At the time of his arraignment he entered a plea of no contest; the court later designated the charge a misdemeanor and sentenced the defendant to serve six months in the county jail. The defendant raises two alleged errors in this appeal.

1. The court failed to address the defendant personally in open court to inform the defendant of the nature of the charge and to determine that the defendant understood the nature of the charge as required by Rule 17.2, Rules of Criminal Procedure, 17 ARS.

2. The court failed to personally address the defendant in open court and determine that there was a factual basis for the plea as required by Rule 17.3, Rules of Criminal Procedure, 17 ARS.

## NATURE OF THE CHARGE

Rule 17.2, subd. a, Rules of Criminal Procedure, reads:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:

a. The nature of the charge to which the plea is offered;"

The transcript shows that the trial judge meticulously explained defendant's constitutional rights and in the course of this explanation the following pertinent conversation transpired between the judge and the defendant:

"THE COURT: Do you understand that the amended information charges you with the crime of aggravated assault, an open end offense, committed on or about the 27th of October, 1973; you understand that?

MR. BATES: Yes.

THE COURT: Have you read the plea agreement? This paper (indicating)?

MR. BATES: Yes.

THE COURT: Do you understand it?

MR. BATES: Yes.

THE COURT: And have you signed it? Is that your signature?

MR. BATES: Yes * * *

THE COURT: On October 21, 1973, you are charged on that date that you committed an aggravated assault upon one Rob Lyle.

Knowing the nature of the charge, the possible sentence, the constitutional rights you waive if you plead guilty, how do you plead to this charge? You plead no contest?

MR. BATES: No contest.

THE COURT: Does the State have the kind of case it believes it could make?

MR. STEJSKAL: Yes, your honor.

MR. LYDING: In that regard, would offer the preliminary hearing transcript of the sworn testimony of the victim—alleged victim.

MR. BATES: They got the police officer's statement in there. They say not —they say I wasn't violent.

THE COURT: Were you involved in some kind of altercation at that time?

MR. BATES: I had a verbal argument with a bus driver that didn't result in violence.

THE COURT: This doesn't say violence. Assault is like a threat, some-

thing of that nature. This doesn't mean you struck him. That's what an aggravated assault is."

The preliminary hearing transcript which was submitted to the court after the defendant entered a plea of no contest shows that the defendant told his victim that he had a gun in his pocket and demanded the victim turn over a money box. Defendant claims he was only simulating possession of a gun and that he really did not have a gun in his pocket when he attempted to rob Robert Lyle.

█ It is our opinion that the trial judge did comply with the provisions of Rule 17.2, subd. a in that he personally advised the defendant of the nature of the charge and made an adequate determination that the defendant understood the charge. The judge not only formally advised him of the charge, but also informally attempted to explain, in layman's language, just what conduct constituted a legal assault. We do not believe the adoption of the new Rules of Criminal Procedure in this field of law overruled the common sense interpretations of prior Arizona appellate decisions.

█ The trial judge does not operate in a vacuum; he has every right to consider the fact that the defendant, in his own self-interest, entered into and signed a formal written plea bargain. The trial judge can use the transcript of the preliminary hearing to aid him in making his determination of the factual basis for the plea. See, State v. Herndon, 109 Ariz. 147, 506 P.2d 1041 (1973); State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973).

## FACTUAL BASIS FOR THE PLEA

Rule 17.3, Rules of Criminal Procedure, provides:

"Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court and determine that he wishes to forego the constitutional rights of which he has been advised, that his plea is voluntary and not the result of force, threats or promises (other than a plea agreement) *and that there is a factual basis for the plea.*" [Emphasis added]

Defendant agrees that the judge complied with all provisions of this rule, except that provision which requires the establishment of a factual basis for the plea.

█ The normal method for a judge to establish the factual basis for a plea is for the judge to set forth the allegations of the charge and ask the defendant if he did what was charged. When a defendant elects to plead no contest the trial judge is placed in a dilemma when trying to ascertain the factual basis for the plea. Normally a plea of no contest is used to allow a defendant to enter a plea to a charge without actually forcing the defendant to admit his guilt. See, Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347 (1926). When the defendant entered such a plea the court admitted portions of the preliminary hearing transcript into evidence. We believe that under the facts of this case this was the logical thing to do and that there was no reversible error.

█ We do not believe a defendant should be allowed to escape the more serious charge of attempted robbery by a plea bargain agreement and then escape any responsibility under the lesser charge of aggravated assault by alleging the State's evidence really shows the defendant was guilty of attempted robbery rather than aggravated assault. See, North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970).

The judgment and sentence of the trial court are affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.