540 P.2d 123

**STATE of Arizona, Appellee,**

v.

**Frank S. DUGGAN, Appellant.**

**No. 3007.**

Supreme Court of Arizona,
In Banc.

Sept. 18, 1975.

158

N. Warner Lee, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Phoenix, for appellee.

Derickson & Kemper, by James Hamilton Kemper, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Defendant Frank S. Duggan was indicted for the crime of murder and convicted of second degree murder following a plea of no contest. He appeals.

On January 16, 1973, defendant was indicted for the murder of his wife, Carol J. Duggan, a violation of A.R.S. § 13–451. Initially, Duggan entered a plea of not guilty in the Superior Court, but ultimately, on January 24, 1974, he entered a plea of nolo contendere to an open charge of murder. At that time the court proceeded in part as follows:

"THE COURT: It's the Court's understanding that you desire at this time to withdraw your plea of not guilty and not guilty by reason of insanity to the Indictment in this matter, charging you with an open charge of murder, is that correct?

MR. DUGGAN: Yes, your Honor.

\*   \*   \*   \*   \*   \*

THE COURT: You understand, do you not Mr. Duggan, that by entering a plea of nolo contendere or no contest to that charge, that you waive certain Constitutional rights which you have including your privilege against self-incrimination, your right to a trial by jury, the right to call witnesses in your behalf, the right to confront your accusers and cross-examine them, and the right to appeal from any evidentiary rulings of the Court during the trial of this matter?

MR. DUGGAN: Yes, your Honor.

THE COURT: And you likewise understand that your are specifically waiving your right to enter a plea of not guilty?

MR. DUGGAN: Yes, your Honor.

\*   \*   \*   \*   \*   \*

THE COURT: You likewise understand, sir, that the plea of no contest is tantamount to a plea of guilty of the charge of murder, leaving it only to my discretion to determine whether it would be first or second?

MR. DUGGAN: Yes, your Honor.

THE COURT: And you likewise understand that, as your counsel has indicated, the only possible penalty for first degree murder, should I find it to be such, is a term of imprisonment for your natural life in the Arizona State Penitentiary, and you likewise understand that the possible penalty for second degree murder, if I deem it of that degree, is a term of not less than ten nor more than life?

MR. DUGGAN: Yes, your Honor."

Defendant questions whether his conviction was a violation of his rights under the United States Constitution where the record does not contain a finding by the court that he was competent to waive the

right to remain silent, to a jury trial, and to confront the witnesses against him. He argues that there was a substantial question in the trial court as to his mental capacity and that, therefore, his conviction was invalid in the absence of the express finding required by certain federal cases citing *Sieling v. Eyman,* 478 F.2d 211 (9th Cir.) (1973).

In *Sieling v. Eyman,* the court approved this statement from a previous case:

"A defendant is not competent to plead guilty if a mental illness has substantially impaired his ability to make a reasonable choice among the alternatives presented to him and to understand the nature of the consequences of his plea." 478 F.2d at 215.

In *State v. Decello,* 111 Ariz. 46, 523 P.2d 74 (1974), after considering *Sieling,* we said:

"Admittedly, the trial court did not specifically direct its findings to defendant's specific competency to waive his constitutional right to a jury. We believe, however, that the record before us is able to support such a finding on appeal and we so find." 111 Ariz. at 49, 523 P.2d at 77.

Similarly, we think in the present case defendant was competent to waive his constitutional rights.

On June 22, 1972, after an examination, Dr. Otto L. Bendheim found and so reported to the Superior Court that:

"Defendant is well oriented in all spheres. * * * The defendant is able to understand the proceedings against him."

and:

"The defendant is able to assist counsel in his own defense."

On June 25, 1973, after an examination, Dr. Paul N. Bindelglas found that the defendant was:

"* * * coherent and relevant, [and] shows no evidence of hallucinations or delusional thinking."

On January 19, 1974, Dr. Robert F. Meyer advised the court:

"The defendant is fully competent to testify, enter plea, and cooperate with counsel. He understands the nature of the charges against him and their potential consequences."

■ We conclude there is no merit to the defendant's position that he had a mental illness which substantially impaired his ability to make a reasonable choice among the alternatives presented to him and to understand the nature of the consequences of his plea. That defendant manifested a psychiatric disorder and that he might be in need of continuing psychiatric treatment does not raise a substantial question concerning his mental capacity to understand and waive his constitutional rights.

■ Defendant further argues that since the offense with which he was charged was governed by the 1956 Rules of Criminal Procedure, and since those Rules do not recognize nor provide for a plea of nolo contendere, or no contest, the conviction based upon such a procedure is invalid and should be set aside. At best this is a technical argument which does not go to the merits of defendant's guilt or innocence. We have treated his plea as a plea of guilty and, as such, tested it in accordance with our rule in *State v. Decello, supra.* Since it is a procedural irregularity not involving the loss of substantive rights, we reject defendant's argument as meritless.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.