544 P.2d 233
**STATE of Arizona, Appellee,**
v.
**Gene REYNOLDS, Appellant.**
**No. I CA–CR 1113.**

Court of Appeals of Arizona,
Division 1,
Department B.
Jan. 6, 1976.

**410**

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

Martin, Feldhacker & Friedl by Gregory H. Martin, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

This appeal involves the questions of whether the trial court adequately determined whether there was a factual basis for appellant's plea of guilty and whether the trial court adequately advised appellant of the nature of the offense charged.

On June 22, 1973, appellant leased carpet cleaning equipment totalling $565.35 in value.[1] Appellant was in the

---

1. Unless otherwise indicated, the following information was obtained from the pre-sentence report and is not contradicted by appellant. It is well established that the court may use the pre-sentence report in determining the factual basis for a plea. *State v. Hooper*, 107 Ariz. 327, 487 P.2d 394 (1971). In addition, even though the pre-sentence re-

janitorial and maintenance business. At the time of renting the equipment, he owned another set of cleaning equipment and had rented a second set besides the third set which forms the basis of this criminal action. One of his business associates was supposed to take care of the payments for the rented equipment.

After renting the equipment, appellant became ill and was hospitalized. He stated that the equipment was placed in a warehouse and he forgot about it. He was not using the equipment in his business. When he discovered he still had it he returned it to its proper owner.[2]

However, the equipment was to be returned by July 22 and it was not returned by appellant. When the lessor attempted to contact appellant, he discovered that appellant had vacated the address given lessor. The lessor mailed certified letters to the address which appellant had given him, but the letters were returned with the notation "Moved, left no forwarding address". However, the record before us does not indicate when these letters were sent or what other efforts were made to locate appellant. The probation report states that the investigating officer made "extensive efforts" to locate appellant and that he felt appellant "made every effort to avoid contact." However, nothing in the record shows what the "extensive efforts" were. Further, the record indicates that appellant was working for the Phoenix Transit Corporation during the period that lessors were allegedly seeking him. The record indicates that the Phoenix Police Department mailed a letter of clearance on appellant to the Phoenix Transit Company on September 25, 1973. The police record also contains a notation that on November

30, 1973, information concerning appellant was received regarding threats. It is not clear whether appellant was threatening someone else or someone was threatening appellant. However, it is clear that the police department had contacts with appellant during the period he had the equipment. Finally, it took the police only six days after a complaint was filed to arrest appellant. In light of the foregoing, the absence of *any* specific efforts made to locate appellant, and appellant's claim that he was not avoiding the police, conclusionary, hearsay statements contained in the probation report are not conclusive on the issue of intent.

At the time of entering his guilty plea, appellant admitted to moving several times subsequent to his rental of the equipment. However appellant denied any criminal intent, claiming that it was through his "negligence" that the property was not returned. He stated that even though he had no criminal intent, he felt he was guilty of a crime.

A criminal complaint was filed against appellant on June 27, 1974 and appellant was arrested on July 3, 1974 on the charge of embezzlement of rental property, a felony. A.R.S. § 13–682 (Supp.1973). Pursuant to a plea agreement, appellant pled guilty to the crime of obtaining property by false pretense or confidence game, open-end. A.R.S. § 13–312 (Supp.1973). Judge Case accepted appellant's guilty plea, the following colloquy occurred:

"THE COURT: Tell me what you did, very briefly.

"THE DEFENDANT: Yes, sir. On about sometime in 1973 my company accused me of embezzling.

---

port was not available to the judge who accepted the guilty plea, the factual basis for a guilty plea may be determined any time prior to sentencing. *State v. Foster*, 109 Ariz. 14, 504 P.2d 48 (1972). Since the presentence report was available to the sentencing judge and the sentencing judge heard a request for appellant to withdraw his plea this information may supply the factual basis.

2. Although the pre-sentence report implies that appellant was dilatory in returning the equipment, appellant's attorney contested this implication stating that the property was not returned because the prosecutor stated that it need not be returned until time of sentencings. Appellant's attorney's amplification of the record is uncontradicted.

"Myself or one of my employees rented this, and then I moved from 2214 West Washington to 7th Avenue. And I moved from 7th Avenue to the present location, 1925 South Central. And I had an illness at that time. I was absent-minded. I don't know what happened, but it slipped my mind. I didn't even know anything about it until I was arrested.

"Through my own negligence there was a crime committed. And that's why I'm pleading guilty.

"THE COURT: The Court finds the Defendant's plea is being made voluntarily and with an understanding of the possible consequences and no promises of immunity or threats were made to persuade him to enter a plea of guilty, and the facutal basis exists therefor.

"Mr. Reynolds, you have been charged by the State of Arizona with the crime of obtaining money, property or valuable consideration by false pretense or confidence, open-end offense.

"How do you plead, sir, guilty or not guilty?

"THE DEFENDANT: I plead guilty."

At the time of appellant's sentencing, (the case had been transferred to Judge Riddel for sentencing) his attorney stated that he had doubts about the validity of the plea and "If the court so desired" he would make a motion for appellant to withdraw his plea. Judge Riddel stated that because there was no formal motion, supported by memorandum, before her or any evidence which would vary the record, she deemed that there was not legal cause for withdrawing the plea. However, Judge Riddel did not have the transcript for the hearing on the acceptance of the plea at the time of her denial of appellant's motion.

On appeal, appellant contends that there was no factual basis for his conviction be-

cause there was no showing that he obtained the property "with intent to cheat and defraud". A.R.S. § 13–312. In addition, it appears that the court accepted appellant's plea without determining whether he understood the nature of the charges against him.

The State contends that appellant's prior criminal record and his various changes of address without leaving a forwarding address provide the necessary intent.[3]

Ariz.R.Crim.P. 17.2 provides, inter alia, that before accepting a plea of guilty, the court shall address the defendant personally in open court, informing him of and determining that he understands the nature of the charge to which the plea is offered. Ariz.R.Crim.P. 17.3 provides that before accepting a plea of guilty, the court shall determine that there is a factual basis for the plea.

■ It is clear that the factual determination does not require the finding that defendant is guilty beyond a reasonable doubt. However, *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) indicates that the standard of "strong evidence of actual guilt" is required. Further, *United States v. Webb,* 433 F.2d 400 (1st Cir. 1970) cert. denied 401 U.S. 958, 91 S.Ct. 986, 28 L.Ed.2d 242, states that the evidence required should be enough *if there is sufficient evidence for the jury to conclude that defendant is guilty.* The comments to the Arizona proposed Rules of Criminal Procedure (July 15, 1972) state that at least in the instance of an equivocal guilty plea, a court must find evidence which shows more than probable cause for believing that the defendant is actually guilty. Arizona State Bar Committee on Criminal Law, Comment to Rule 20.3, Arizona Proposed Rules of Criminal Procedure (July 15, 1972). In the current case, we do not think that such a sufficient factual basis exists.

3. The State implies that it took the police one year to arrest appellant after the issuance of a warrant for his arrest. In fact, appellant was arrested six days after a complaint was filed against him.

First, the record indicates that the City of Phoenix Police Department sent a letter of clearance on August 28, 1973 for appellant to the Phoenix Transit Corporation (for whom appellant stated he was working during the period while lessors were trying to locate him). This corroborates appellant's claim that he was not trying to avoid arrest or contact by lessors during the period that the equipment was not returned.

Second, the other offenses with which appellant was convicted are not similar to the instant case. The most similar offense for which appellant was convicted was embezzlement in New Mexico in 1966 which, according to appellant, involved the use of a company truck and credit card without permission. None of the other crimes indicate any intent upon the part of appellant to defraud lessor in the current case. We do not feel that simply moving without leaving a forwarding address establishes a sufficient factual basis for intent when appellant denied any criminal intent and claims that he simply forgot about the equipment.

Finally, appellant did not attempt to dispose of the property. He did not take it out of the state and returned it once he learned that he still had it. The property in this case is not the type from which appellant could derive personal use and enjoyment as an automobile. Rather, it could be used only in his business and the record indicates that it was placed in a warehouse, where allegedly it was forgotten and not used by appellant.

Because of the importance of insuring that guilty pleas are a product of free and intelligent choice, when a plea of guilty is coupled with a statement by defendant as to his innocence, the trial court has a duty to inquire into and resolve the conflict between the waiver of trial and the claim of innocence. See *Alford, supra,* n. 10, and cases cited therein; Comment to Rule 20.3, Arizona Proposed Rules of Criminal Procedure (July 15, 1972). The trial court did not inquire into defendant's motive in making this plea nor did it interrogate defendant regarding his intent in taking the property. In light of the facts of the current case, it is doubtful whether appellant understood the nature of the charge against him. While normally it is not necessary for the court to inform the defendant of all of the elements of the charge against him, *State v. Anderson,* 109 Ariz. 158, 506 P.2d 1052 (1973); *State v. Herndon,* 109 Ariz. 147, 506 P.2d 1041 (1973), where the defendant indicates that he did not have the requisite intent, it is particularly incumbent upon the trial court to determine that (1) the plea is voluntary, (2) a factual basis for the plea exists and (3) that the defendant understands the nature of the charge against him.

There are sound policy reasons for these rules, which are suggested by *Alford, supra:*

1. Protecting an innocent defendant from being convicted of offenses which he did not commit;

2. Protecting the judicial system from the loss of respect and trust which such mistakes would engender;

3. Protecting the defendant from making an unintelligent plea; and

4. Promoting finality of judicial determination. *See,* Comment to Rule 20.3, Arizona Proposed Rules of Criminal Procedure (July 15, 1972).

The rule is specifically designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not fall within the charge. *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In *McCarthy,* the court set aside a plea of guilty even though defendant's attorney represented that he had explained the charge to defendant. The court stated that the judge must determine that the conduct which the defendant admits constitutes the offense charged in the indictment or information. The court further stated that "because a guilty plea is an admission of all of the elements of a formal criminal charge, it cannot be truly voluntary unless

the defendant possesses an understanding of the law in relation to the facts." In the current case, at the time of sentencing, appellant stated that he felt he was guilty of a crime even though he did not have any criminal intent. This statement indicates that appellant did not understand the charge to which he was pleading and did not have the requisite understanding of the law in relation to the facts of his case. At no time did the trial court inform appellant that if he did not have the requisite intent, he was not guilty of a criminal act. Accordingly, we cannot say that a factual basis for the charge exists nor that appellant was properly informed of the nature of the charge against him. *See, United States v. Vera,* 514 F.2d 102 (5th Cir. 1975); *People v. Troyan,* 21 Ill.App.3d 375, 315 N.E.2d 335 (1974).

Because the court did not inquire further or establish any additional facts, this case is not similar to *State v. Shaw,* 19 Ariz. App. 510, 508 P.2d 769 (1973). In *Shaw,* there were numerous other facts which established the necessary intent. Such acts are lacking in the current case.

Further, this is not a situation where the court inquired as to the defendant's motivation for the plea. We need not decide the case where the defendant professes his innocence yet states that he wishes to plead guilty because he believes it is in his best interest to do so. *See, Alford, supra.* The record does not show the "strong evidence of guilt" required by *Alford.* In fact, it shows that appellant did not have an understanding of the nature of the offense.

We need not, in this case, determine whether the rule announced in *State v. Bates,* 22 Ariz.App. 613, 529 P.2d 1207 (1975), that is, that if there is a factual basis for the original charge, a factual basis for the lesser charge pled to need not be shown, or that stated in *State v. Jackson,* 14 Ariz.App. 591, 485 P.2d 580 (1971), that is, there must be a factual basis for the charge pled to regardless of the existence of a factual basis for the crime originally charged, is the correct statement of

the law. This is for the reason that the court is unable to find in the record a factual basis for the fraudulent intent necessary to convict the defendant of embezzlement of rental property (the crime originally charged).

Accordingly, we hold that the record does not show that the defendant was informed or understood the nature of the charge against him nor does the record show a factual basis for the plea. The record indicates that defendant was laboring under a misconception of the elements of the offense to which he was pleading guilty. Because there are no other facts in the record to prove that defendant had the requisite intent, this court must grant appellant's motion to withdraw his guilty plea and vacate his sentence.

The judgment and sentence of the trial court is reversed and the matter remanded for reinstatement of the charge of embezzlement of rental property and for further proceedings thereon.

HAIRE, C. J., Division 1, and EUBANK, J., concur.