551 P.2d 568
**STATE of Arizona, Appellee,**
v.
**Wayne Morris McGHEE, Appellant.**
**No. I CA–CR 948.**

Court of Appeals of Arizona,
Division 1,
Department B.
June 29, 1976.
Rehearing Denied Aug. 12, 1976.
Review Denied Sept. 12, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

SCHROEDER, Judge.

Appellant challenges his conviction and sentence to a term of not less than two nor more than four years upon his no contest plea, based upon a written agreement, to the charge of obtaining money or property by means of a confidence game, in violation of A.R.S. § 13–312. The offense originally charged was theft from a person, a felony, A.R.S. §§ 13–661, 662 and 663. Appellant seeks reversal on the ground the record fails to establish a factual basis for the confidence game charge.

■ The State argues that although the record may fail to establish a factual basis as required by the current Rule 17.3, Arizona Rules of Criminal Procedure, this action was commenced prior to the date of adoption of the present Rules, and therefore must be decided on the basis of the prior Rules which did not expressly provide that a factual basis must be established. However, even under the old Rules, our Supreme Court held that *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), required the trial court to satisfy itself that there was a factual basis for the plea, following the spirit, if not necessarily the letter, of Rule 11 of the Federal Rules of Criminal Procedure. *State v. Battelle*, 110 Ariz. 436, 520 P.2d 308 (1974); *State v. Sullivan,* 107 Ariz. 98, 482 P.2d 861 (1971); *State v. Williker,* 107 Ariz. 611, 491 P.2d 465 (1971); *State v. Campbell,* 107 Ariz. 348, 488 P.2d 968 (1971).

It is true that the appellant here pleaded no contest rather than guilty, and that under Rule 11 of the Federal Rules, a factual basis is not required for a no contest plea.[1] However, no contest pleas were not recognized under our old Rules of Criminal Procedure. *State v. Duggan,* 112 Ariz. 157, 540 P.2d 123 (1975). Accordingly, we feel it appropriate to treat this plea as the equivalent to a plea of guilty under the old Rules. *See Duggan, supra.* Appellant in this case did not plead no contest because of potential civil liability, and lost no advantage by an inquiry into the facts by the trial court. Here there is no practical difference between a plea of no contest and a plea of guilty. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), where the Supreme Court stated:

> "The fact that [a defendant's] plea was denominated a plea of guilty rather than a plea of *nolo contendere* is of no constitutional significance with respect to the issue now before us, for the Constitution is concerned with the practical consequences, not the formal categorizations, of state law." (400 U.S. at 37, 91 S.Ct. at 167).

For the above reasons, we reject the State's contention that no factual basis for this plea was required.

■ We then consider whether the factual basis on this record was adequate to support the plea. The gravamen of the offense of obtaining money by means of a confidence game is the gaining of the confidence of the victim by some false representation, deception or device. *State v.*

---

1. Rule 17.3 of our new Rules requires a factual basis for both a no contest and a guilty plea.

*Jackson,* 14 Ariz.App. 591, 485 P.2d 580 (1971). *See also State v. Carr,* 112 Ariz. 453, 543 P.2d 441 (1975).

■ Evidence developed at the preliminary hearing showed that the victim was walking to her car in a parking lot when an automobile pulled alongside her. A man in the automobile grabbed her purse from her shoulder and drove away. The victim identified the appellant as the driver of the car. These facts amply support a conclusion that the appellant was a purse snatcher, not a confidence man.

The State contends in its brief that the basis for the confidence game charge was established by a conversation between the appellant and the victim subsequent to the crime. In this conversation, appellant told the victim that he could not return her purse because it was in a canal. However, no proof was offered that this representation was false, that the victim believed it, or that it gained her confidence. Moreover, appellant or his accomplices were already in possession of the victim's property at the time of the representation and thus did not obtain the property by means of the representation. In this case, the facts brought out in the record do support the original charge of theft, but do not support the charge of a confidence game.

■ The next and more difficult question is whether the showing of the commission of a more serious, though unrelated crime, should be sufficient to permit the plea to the lesser crime.

There is little Arizona authority dealing with this problem. In *State v. Jackson, supra,* the defendant pleaded guilty to the open end charge of confidence game. The facts showed that he actually committed the more serious offense of possession of a stolen motor vehicle. The court vacated the guilty plea, holding that the record did not disclose sufficient factual basis for the plea to confidence game charge.

Later, in *State v. Bates,* 22 Ariz.App. 613, 529 P.2d 1207 (1975), this court affirmed a conviction on a plea of no contest to the charge of aggravated assault where the record supported not the assault charge, but the more serious charge of attempted robbery. The court in *Bates* did not cite *Jackson,* but based its decision on the principle that the defendant should not be allowed to escape the responsibility for the lesser crime of assault by arguing that the evidence really showed he was guilty of attempted robbery instead.

The instant case presents the issue in a different dimension. In *Bates,* the crime of aggravated assault to which the defendant pleaded, although different from the more serious crime of attempted robbery with which he was charged, was not wholly unrelated to that crime and did not involve conduct of an entirely different nature. In this case, the two crimes are not only different, but mutually exclusive. It is inconceivable that this appellant could have obtained the victim's purse by snatching it and also by means of a confidence game.

The facts elicited in this case do not simply fail to show that the confidence game crime was committed; they affirmatively show that it was not committed. If this Court were to sanction appellant's conviction of the confidence game charge, appellant's criminal record would forever reflect not a mere inaccuracy with respect to the actual conduct in which he engaged; it would perpetuate an outright and misleading falsehood.

It is this problem which the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, § 3.1(b)(ii) (1967), attempts to avoid by requiring that prosecuting attorneys plea bargain only with respect to other offenses "reasonably related to defendant's conduct." This case illustrates the danger which the California Supreme Court recognized in *People v. West,* 3 Cal.3d 595, 91 Cal.Rptr. 385, 477 P.2d 409 (1970). The court there pointed out, quoting from the comment to the ABA Standard, that by requiring a reasonable rela-

**122**

tion between the crime pleaded to and defendant's actual conduct, " 'the defendant's record * * *, while not a completely accurate portrayal of his criminal history, will not be grossly misleading and thus will not likely result in inappropriate correctional treatment or police suspicion.' (ABA Standards, p. 68)." (477 P.2d at 420).

The court in *West, supra,* adopted the ABA Standard. *See also Newman, Conviction: The Determination of Guilt or Innocence Without Trial* (1966) at 99–104, discussing the absurd results which have occurred by permitting pleas to illogical lesser offenses. In this case there is no reasonable relationship between the offense committed and the offense for which appellant was convicted.

This Court recognizes the legality and administrative necessity of plea bargaining. By this decision we do not limit bargained charge reductions to lower degrees of the crime charged or to lesser included offenses, but we do hold that the reduction must be "to a charge which bears some categoric similarity to the original charge." Comment to ABA Standards § 3.1(b) at 68, *supra.*

It is distasteful to relieve appellant of the consequences of an agreement which he knowingly made. But we find the alternative, which would necessitate our approval of a misrepresentation approaching a fraud on the courts, to be more distasteful. Setting aside the conviction and reinstituting the original charge in a case such as this is not too great a price to pay for upholding the integrity of the judicial process.

The appellant's conviction is reversed, and the matter remanded to the trial court for reinstatement of the information charging the defendant with the crime of theft from a person.

JACOBSON, P. J., and WREN, J., concurring.