NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

LEONARD DEON IRVIN, *Petitioner.*

No. 1 CA-CR 18-0875 PRPC
FILED 10-10-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2013-447356-001
The Honorable Joseph P. Mikitish, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Colin F. Stearns
*Counsel for Petitioner*

———————————————

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

———————————————

**P E R K I N S,** Judge:

¶1        Leonard Deon Irvin petitions this Court for review from the dismissal of his petition for post-conviction relief, filed under Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated below, grant review and deny relief.

¶2        On the evening of September 14, police officers stopped Irvin for a civil traffic infraction. When the officers went to speak with Irvin, they saw a holstered handgun on the front passenger seat. At the time of the stop, Irvin was a convicted felon who had not had his right to possess a firearm restored. The State charged Irvin with one count of misconduct involving weapons, and Irvin eventually accepted the State's plea offer. At the change of plea hearing, Irvin's counsel provided the following factual basis:

> On September 14th of 2012, while in Phoenix, Maricopa County, Mr. Irvin was in constructive – or – did knowingly have constructive possession of a firearm, and that the firearm was on the – the seat of a car that he had been driving. At that point in time, he was a prohibited possessor in that he had a prior felony conviction, that he had not had his rights to possess a firearm restored yet.

After the superior court asked Irvin whether his lawyer's statement was true, Irvin said, "Yes." Irvin then proceeded to "add" the following "little bit of facts[:]"

> Well, this night we were going to a concert, a friend and – and I, and I just happened to drop him off in front of the building downtown to go secure the tickets, and I never paid attention that he left his weapon in the car, on the seat, and before I could get back around to the building to park and make sure, I got pulled over and the officer saw the gun. I explain to them that I just dropped someone off, we were going to a concert,

and I didn't even have any idea he actually left it on the seat.
I didn't even pay attention.

The court responded, "All right, very good. You understand though that the facts, even as you laid them out . . . constitute facts sufficient to lead to the offense in this case?" To which Irvin answered, "Yes, sir, Your Honor."

¶3        The superior court accepted the plea and subsequently imposed a 1.5-year prison sentence. Irvin then commenced post-conviction relief proceedings under Rule 32. The court summarily denied relief and Irvin timely petitioned for review. Absent an abuse of discretion or error of law, this Court will not disturb the superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 576–77, ¶ 19 (2012).

¶4        In his petition for review, Irvin argues that: (1) his counsel failed to effectively represent him; (2) the trial court was required to conduct a further inquiry into the factual basis and voluntariness of his plea because of his assertions of innocence; (3) his testimony at the change of plea hearing repudiated his counsel's statement that Irvin knowingly possessed a firearm; and (4) there was no evidence to support a conclusion he constructively possessed the firearm with his passenger. Irvin does not explain how his counsel was ineffective or otherwise develop any argument to support his contention of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 685–86 (1984) (recognizing the right to effective assistance of counsel). Because Irvin merely mentions this argument and fails to develop it, we decline to address Irvin's ineffective assistance of counsel contention. *State v. Moody*, 208 Ariz. 424, 452, ¶ 101 n.9 (2004) ("Merely mentioning an argument is not enough[.]").

¶5        Second, Irvin did not assert his innocence at the change of plea hearing. Irvin affirmatively adopted his counsel's colloquy including the acknowledgment that Irvin knew he had constructive possession of a firearm. Thereafter, Irvin asked to "add a little bit of facts" and testified he was unaware his passenger left a firearm in the car. There are several ways to interpret Irvin's statements in light of his agreement with his counsel's colloquy, but no reasonable interpretation amounts to a claim of innocence. Thus, the analysis in *State v. Reynolds*, 25 Ariz. App. 409, 413 (1976), for addressing claims of innocence is inapposite. The court was not required to "resolve the conflict between the waiver of trial and the claim of innocence." *See Reynolds*, 25 Ariz. App. at 413. At most, Irvin's contention that he "didn't have any idea [the passenger] actually left [the handgun] on the seat" undermines the factual basis of the plea. But Irvin did not say he was unaware the handgun was in the car when he was stopped. Instead, Irvin's

testimony indicates he was aware his passenger had a firearm but was unaware his passenger left the firearm in plain view on the front seat when exiting the car to go to a concert.

**¶6**        Third, Irvin's argument that his plea lacked a sufficient factual basis is also based on the apparent conflict between his own testimony and his counsel's offer of the factual basis for Irvin's plea. Irvin contends that because he was allegedly unaware his passenger left a firearm on the seat, he could not have "knowingly" possessed the firearm. *See* A.R.S. § 13-3102(A)(4) (a prohibited possessor commits misconduct involving weapons by knowingly possessing a deadly weapon). Though this argument overlaps with his *Reynolds* argument, "a conviction on a plea of guilty cannot be sustained unless there is a factual basis to support each of the elements of the crime to which the plea is made." *State v. Carr*, 112 Ariz. 453, 455 (1975).

**¶7**        The trial court is required to determine a factual basis exists before accepting a guilty plea. Ariz. R. Crim. P. 17.3. This factual basis need only show strong evidence of guilt and may be ascertained from anything in the extended record. *State v. Salinas*, 181 Ariz. 104, 106 (1994) (strong evidence of guilt required); *State v. Sodders*, 130 Ariz. 23, 25 (App. 1981) (factual basis may be established by the extended record). During the settlement conference preceding Irvin's plea, the State noted it intended to present testimony at trial from the police officers who stopped Irvin. Those officers, according to the State, would testify they stopped Irvin and recovered a firearm from his vehicle. The police report in the extended record further states that when officers stopped Irvin "they observed in plain [v]iew a handgun in a holster on the front passenger seat. There were no other [o]bjects on the seat, and nothing between [Irvin] and the handgun, nor was [t]he weapon covered in any manner other than the holster." Though Irvin told the officers that he "didn't even know [the handgun] was there" the fact the handgun was in plain view and on the seat next to Irvin makes his assertion difficult to believe. Furthermore, the transcript of the settlement conference reveals that the officers who pulled Irvin over followed him for two miles before making the stop. The facts in the extended records show that Irvin, a convicted felon, was found with a holstered handgun in plain view on the seat next to him and had been driving for more than two miles with that handgun lying next to him in the open. On these facts, the trial court could properly find strong evidence supported the factual basis for Irvin's guilty plea despite his belated claim that he didn't know his passenger had left the gun behind.

4

¶8        Finally, Irvin contends the superior court erred in denying his petition for post-conviction relief when it found that Irvin jointly possessed the handgun with his passenger. This mischaracterizes the superior court's ruling and the record. The superior court, in denying Irvin's petition, explained that Irvin's version of events did not seem plausible in light of the record. The court went on to explain that "[e]ven if believed," Irvin's testimony suggests he knew his passenger had a firearm. Thus, according to the superior court, Irvin's testimony supports his constructive possession of the handgun found in plain view on his front seat even if that possession "was joint possession while his companion was still in the car." As noted above, the officers that stopped Irvin had been following him for two miles and Irvin was alone when they stopped him. Thus, at the time of the stop, there was no one with whom he could jointly possess the handgun. Ultimately, Irvin's argument and the superior court's suggestion of joint possession is immaterial. As noted above, the extended record contains strong evidence of Irvin's guilt. Thus, the factual basis for his guilty plea is supported and the superior court did not abuse its discretion in denying Irvin's petition.

¶9        Accordingly, we grant review and deny relief.

