NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE DELINQUENCY OF D.C.

No. 1 CA-JV 24-0165

FILED 05-06-2025

Appeal from the Superior Court in Maricopa County
No. JV210417
The Honorable Christian Bell, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Coolidge Law Firm, PLLC, Chandler
By Jennifer L.B. Booth & Todd K. Coolidge
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Jordan A. Smith
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

**M c M U R D I E**, Judge:

¶1        Dylan Carter (a pseudonym) appeals from the juvenile court's orders accepting his plea agreement, imposing a one-year probation term, and then denying his motion to withdraw from the agreement. After reviewing the record, we vacate the plea agreement and remand for further proceedings.

## FACTS[1] AND PROCEDURAL BACKGROUND

¶2        In April 2024, Dylan and Brian Charles (a pseudonym) started quarreling inside a locker room at their school. As tensions escalated, Dylan approached Brian, and they faced off against each other while other boys watched. Dylan sought to hit Brian, and Brian tried to hit him back. At some point, Dylan hit Brian's face, which caused him to fall backward and hit his head on a cement seat, ending the fight.

¶3        The State filed a delinquency petition charging Dylan with aggravated assault, a Class 4 felony, and disorderly conduct, a Class 1 misdemeanor. The State offered Dylan a plea agreement for a lesser charge of aggravated assault of a victim with a substantially impaired capacity to resist, a Class 6 undesignated felony, which he accepted. The court entered the plea and adjudicated Dylan as delinquent. It placed Dylan on one year of standard probation for the aggravated assault offense. A week later, Dylan moved to withdraw from the plea agreement, which the juvenile court denied after a hearing. Dylan appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") § 8-235(A).

## DISCUSSION

¶4        Dylan raises five issues: (1) whether a factual basis that only reads the elements of an offense into the record during a change of plea is legally sufficient; (2) whether there is an adequate factual basis in the record to support a plea of aggravated assault; (3) whether his plea was knowing, voluntary, and intelligent; (4) whether counsel was ineffective; and (5) whether there was a violation of his Sixth Amendment right to conflict-free representation. We only address the issue of the sufficiency of the factual basis to support a plea of aggravated assault because it is

---

[1]        We review the facts in the light most favorable to affirming the findings of the superior court. *In re Daniel A.*, 210 Ariz. 162, 164, ¶ 2 (App. 2005).

dispositive. Dylan argues the factual basis in the record cannot support his plea of aggravated assault upon a victim whose capacity to resist was substantially impaired. *See* A.R.S. § 13-1204(A)(4). We review the denial of a motion to withdraw from a plea for an abuse of discretion. *See In re Niky R.*, 203 Ariz. 387, 390, ¶ 10 (App. 2002); *see also State v. Slover*, 220 Ariz. 239, 242, ¶ 4 (App. 2009) ("A trial court abuses its discretion if it misapplies the law or exercises its discretion based on incorrect legal principles."). A court should vacate a plea if the factual basis does not support the underlying crime. *State v. Cain*, 152 Ariz. 479, 482 (App. 1987).

¶5        When a defendant accepts a plea, a factual basis is needed to "avoid the possibility . . . [that] a legally innocent defendant [] pleaded guilty out of ignorance, deception, delusion, feelings of moral guilt, or self-destructive inclinations." *State v. Durham*, 108 Ariz. 327, 329 (1972). For a plea agreement, the factual basis must be for the crime pled to and not the original charge being dismissed. *State v. Louden*, 127 Ariz. 249, 251 (App. 1980). While the court need not find guilt beyond a reasonable doubt, strong evidence of actual guilt is required. *State v. Reynolds*, 25 Ariz. App. 409, 412 (1976). A court's failure to establish a factual basis at the change of plea hearing is not reversible error if the extended record establishes a factual basis for the plea. *State v. Rodriguez*, 112 Ariz. 193, 194-95 (1975). In a juvenile proceeding, due process requires that the factual basis supports a juvenile's admission. Ariz. R.P. Juv. Ct. 220(c)(3); *Maricopa County Juv. Action No. J-90110*, 127 Ariz. 389, 393 (App. 1980); *Maricopa County Juv. Action No. J-86715*, 122 Ariz. 300, 302-03 (App. 1979).

¶6        Dylan contends the factual basis cannot support his plea of aggravated assault because the extended record contradicts his admission that Brian's capacity to resist was substantially impaired. He argues the fight was mutual and that the assault stopped after Brian fell to the ground.

¶7        A defendant's admission of guilt does not resolve whether the acts committed constitute the crime charged. *McCarthy v. United States*, 394 U.S. 459, 467 (1969). The rule is specifically "designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *Id.* (quotation omitted); *see also Reynolds*, 25 Ariz. App. at 413 ("Because of the importance of [e]nsuring that guilty pleas are a product of free and intelligent choice, when a plea of guilty is coupled with a statement by the defendant as to his innocence, the trial court has a duty to inquire into and resolve the conflict between the waiver of trial and the claim of innocence."). A court "must determine that the conduct which the defendant admits constitutes the offense charged in the indictment or

information." *McCarthy*, 394 U.S. at 467 (quotation omitted). "[B]ecause a guilty plea is an admission of all of the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Id.* at 466.

¶8 Under A.R.S. § 13-1204(A)(4), a person commits aggravated assault "[i]f the person commits the assault while the victim is bound or otherwise physically restrained or while the victim's capacity to resist is substantially impaired." A victim's capacity to resist is substantially impaired if the victim's ability to "refuse to submit" is "considerably weakened," *Maricopa County Juv. Action No. JV-123196*, 172 Ariz. 74, 77 (App. 1992), such as when the victim is asleep or unconscious, *State v. Duarte*, 246 Ariz. 338, 343, ¶ 12 (App. 2018). If the assault itself causes substantial impairment, further assaultive conduct must follow the impairment to constitute aggravated assault under the subsection. *JV-123196*, 172 Ariz. at 78. Other than Dylan's admission, no facts support the element of substantial impairment in this case. Although Brian fell to the ground after Dylan hit him, at that point Dylan stopped hitting Brian. Thus, the assault was not aggravated because there was no further assaultive conduct that followed Brian's impairment.

¶9 The State argues the record establishes an acceptable factual basis because Brian's capacity to resist was substantially impaired before the assault occurred, given the enclosed nature of the environment—the locker room and the presence of other boys. But the State failed to offer evidence to establish that the locker room or the presence of others amounted to a sufficient factual basis to accept Dylan's guilty plea to aggravated assault under A.R.S. § 13-1204(A)(4). While the capacity to resist includes the ability to flee from a situation, it is not determinative, and the substantial impairment must affect the victim's capacity to resist. *See JV-123196*, 172 Ariz. at 77-78 (Although the victim escaped, his capacity to resist was substantially impaired because his vision was blurred to the point where it was difficult for him to ride his bicycle.).

¶10 The locker room and presence of other boys did not substantially impair Brian's capacity to resist. No one—neither Brian, the other witnesses, nor the police by affidavit—claimed the environment was confined or weakened Brian's ability to refuse to submit. Likewise, nothing in the record suggests that Brian tried to escape or could not do so because of the presence of others. Rather, the record reflects that Brian could engage and participate in the fight with Dylan. Thus, Brian's capacity to resist was not substantially impaired before the assault.

¶11 When faced with the evidence surrounding the assault that contradicted Dylan's admission, it was error for the superior court to deny the motion to withdraw from the plea.

## CONCLUSION

¶12 We vacate the plea and remand for further proceedings consistent with this decision.

